THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE NELSON WILLIAM TRAUFLER, Defendant-Appellant.

Fourth District    No. 4—86—0472

Opinion filed February 24, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

The defendant, George Nelson William Traufler, was found guilty by a Champaign County jury of the offense of attempt (criminal sexual assault) (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 12—13) and sentenced to a term of seven years' imprisonment. He appeals, arguing it was error for the trial court to refuse to instruct the jury on the offense of criminal sexual abuse, alleging it is an included offense of attempt (criminal sexual assault).

The evidence shows that on March 8, 1986, the victim was doing her laundry in the apartment building's small laundry room. The defendant peered in the door and asked in graphic terms if she would engage in cunnilingus with him and then stated that he wished to engage in sexual intercourse with her. After telling the defendant to leave, the victim attempted to close the door. The defendant pushed

the victim against the wall, grabbing one of her breasts and attempting to pull off her sweatshirt and pants. The victim fought the defendant off by scratching his eyes. The defendant was apprehended a short time later by the police.

The State argues defendant waived this allegation of error by not tendering an appropriate jury instruction. Defendant did object to State's instruction No. 5 but did not tender one consistent with his objection.

The colloquy, at the time of the instruction conference, was as follows:

"THE COURT: No objection, People's 4 is given. People tender their instruction No. 5, which is IPI 2.01.

MR. DEDMAN: I object, and my objection is as follows: Even though she dismisses Count II, I think Count II is a lesser included of this charge, and they should be instructed as to a lesser included offense.

THE COURT: Which is?

MS. HIRSCH: The Count II was criminal sexual abuse, and in that case it was alleged that he grabbed her breasts. And I argue it's not a lesser included, it's a different crime.

THE COURT: I agree with the state. It's not a lesser included of attempted criminal sexual assault, and so the objection is overruled, and People's 5 is given. All right. People re-tender their instruction No. 3—wait a minute."

■ Our supreme court has held that the failure to object at trial to an asserted error in jury instruction waives the issue. In addition, a party may not raise, on appeal, the failure to give an instruction unless he or she tendered it at trial. Further, objections not raised in a post-trial motion are deemed waived for appellate review. (*People v. Berry* (1984), 99 Ill. 2d 499, 460 N.E.2d 742; *People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027.) Exceptions to the waiver rule are provided for where "substantial defects" are present and "the interests of justice require." (87 Ill. 2d R. 451(c).) "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 87 Ill. 2d R. 615(a).

We recognize that the present facts are close to those in *People v. Brophy* (1981), 96 Ill. App. 3d 936, 422 N.E.2d 158. In *Brophy*, the trial court, where there was evidence of self-defense, did not give an instruction stating that it was the State's burden to prove, beyond a reasonable doubt, that defendant acted without lawful justification. Defense counsel voiced objection, requested "an opportunity to pre-

pare a proper instruction," but was ignored by the trial judge. The objection was included in the post-trial motion. *Brophy* held no waiver.

■ Traufler's trial counsel objected to the State's instruction at the time of trial and renewed his objection in a post-trial motion. Defendant's offering of an instruction might appear to be an act of futility, considering the court's abrupt ruling. However, we do not know what the effect would have been had the trial court been furnished a written instruction. The policy of requiring the written instruction, if error is to be preserved for review, relates to assisting the court in making the correct decision. It clarifies the defendant's position. We find the present case is different from *Brophy* in that here counsel did not request permission to file the suggested instruction. Defendant waived the objection by failure to submit the instruction.

We find there is no substantive defect or plain error which would avoid waiver under Supreme Court Rule 451(c) (87 Ill. 2d R. 451(c)) or under Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)) because the defendant was not entitled to the requested instruction.

■ The defendant alleges that criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15) is an included offense of attempt (criminal sexual assault). Included offense is defined in section 2—9 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 2—9), which states:

" 'Included offense' means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged. ***"

The courts have stated that an included offense is an offense which contains some, but not all, of the elements of the greater offense and contains no element not included in the greater. *People v. Pumphrey* (1983), 115 Ill. App. 3d 1031, 451 N.E.2d 961; *People v. Hefley* (1982), 109 Ill. App. 3d 74, 440 N.E.2d 173.

Defendant argues that this court is bound by its prior decision in *People v. Creamer* (1986), 143 Ill. App. 3d 64, 492 N.E.2d 923. In that case, it was held that aggravated criminal sexual abuse is an included offense of aggravated criminal sexual assault. It is clear that the sole difference between the offense of criminal sexual assault and criminal sexual abuse is the act of penetration. (143 Ill. App. 3d 64, 492 N.E.2d 923.) The current case is different since it involves the attempt and not the underlying offense.

The supreme court has attempted to clarify the law with reference to the right of the accused to have submitted to the jury an instruction on an uncharged offense which carries a lighter penalty than the charged offense. Originally, the three tests discussed were (1) whether in the abstract the uncharged offense as statutorily defined is an included offense of the charged offense as so defined; (2) whether the uncharged offense is an included offense of the charged offense as the offense is set forth in the charging instrument; and (3) the "inherent relationship" test. (*People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189; *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633.) In *Cramer*, the supreme court approved the second test. Subsequently, the supreme court declined to adopt the "inherent relationship" test. *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993.

A defendant commits the offense of criminal sexual assault if he "commits an act of sexual penetration by the use of force or threat of force." (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(1).) He commits the offense of attempt if he, with the intent to commit the offense, takes a substantial step towards the commission of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a).) A defendant commits the offense of criminal sexual abuse if he commits an act of sexual conduct by the use of force or threat of force. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(a)(1).) Sexual conduct means "any intentional or knowing touching *** by the *** accused *** of the sex organs, anus or breast of the victim *** for the purpose of sexual gratification *** of the *** accused." Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e).

If we apply the first test, being the comparison of statutory definitions, it is clear that criminal sexual abuse is not an included offense of attempt (criminal sexual assault). It is possible to commit a substantial step towards the commission of criminal sexual assault without any contact with the victim. Threatening the victim with a weapon or the threat of bodily harm with the intent to commit an act of sexual penetration could be sufficient to sustain a charge of attempt (criminal sexual assault). Since this charge could be sustained without an act of sexual conduct, criminal sexual abuse is not an included offense of attempt (criminal sexual assault).

The second test, which was approved in *Cramer*, involves whether or not criminal sexual abuse is an included offense of attempt (criminal sexual assault) as charged in the information. The information reads "in that the said defendant, with the intent to commit the offense of Criminal Sexual Assault, in violation of Illinois Revised Statutes, Chapter 38, Section 12—13, performed a substantial step toward the commission of that offense, in that he, after stating, 'I want

to fuck you,' grabbed [the intended victim], pushed her against the wall, and began to pull her pants down, \*\*\* .'' There is no allegation contained in the information which would support any finding of an act of sexual conduct, as that term is defined by the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e)). Since that important element of criminal sexual abuse is missing, that offense is not an included offense of attempt (criminal sexual assault).

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.