THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY W. FLANAGAN, Defendant-Appellant.
Fourth District   No. 4—88—0485

Opinion filed August 30, 1990.

Thomas R. Appleton and Roma Barksdale Larson, both of Morse, Giganti & Appleton, of Springfield, for appellant.

Carol Pope, State's Attorney, of Petersburg (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Gary W. Flanagan appeals from his convictions on the felony offense of aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1).) We affirm.

On March 18, 1987, defendant was charged by complaint with one count of the misdemeanor offense of criminal sexual abuse in the circuit court of Menard County, Illinois. (Ill. Rev. Stat. 1987, ch. 38, par. 12—15(a)(2).) He later entered a plea of guilty on the complaint under a negotiated agreement. On March 19, 1987, the circuit court admonished defendant, accepted the plea, and entered judgment of conviction on the agreement.

The prosecution presented the negotiated plea agreement at the sentencing hearing. Under the agreement, the prosecution recommended defendant be fined $552 and sentenced to probation for a period of 364 days. In addition, the prosecution proposed defendant be subject to the following special conditions during probation: (1) a prohibition against the consumption of alcohol and the use of controlled substances; (2) a recommendation for an alcohol-abuse assessment; (3) a requirement of weekly attendance at Alcoholics Anonymous and at the Rape Information and Counseling Service; and (4) a provision for service under the county jail work-release program. The prosecution

closed its presentation by noting defendant would have to comply with the special conditions through the entire period of the statute of limitations to stay the filing of the remaining felony charges for his misconduct.

Shortly after sentencing, the prosecution received negative probation reports on defendant under the county jail work-release program. The reports alleged defendant had not complied with the alcohol-related conditions of probation. The prosecution verified the allegations and elected to file the remaining felony charges against defendant.

On July 10, 1987, defendant was charged by information with three counts of the felony offense of aggravated criminal sexual assault in the circuit court of Menard County, Illinois. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1).) He unsuccessfully sought to dismiss the case on grounds of double jeopardy and prosecutorial vindictiveness prior to trial. Defendant then unsuccessfully filed a challenge to the constitutionality of the substitution of judge statute on grounds of due process of law and separation of powers following two successive venue changes in the action. (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c).) He was found guilty as charged in a stipulated bench trial on May 11, 1988. On June 23, 1988, the circuit court entered judgment of conviction against defendant and sentenced him to prison for concurrent terms of six years. He now appeals.

We first address a motion to strike taken with this case on appeal. Defendant contends the statement of facts in the appellate brief of the prosecution is inaccurate and argumentative in violation of Supreme Court Rule 341. (107 Ill. 2d R. 341.) We disagree.

■ The striking of an appellate brief, in whole or in part, is a severe sanction. (*Coffey v. Hancock* (1984), 122 Ill. App. 3d 442, 444, 461 N.E.2d 64, 66.) This sanction is appropriate only where the alleged violation of the procedural rules on the format of appellate briefs hinders or precludes review. *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 452, 510 N.E.2d 531, 533.

■ The prosecution has substantially complied with the dictates of Supreme Court Rule 341 in its appellate brief. (107 Ill. 2d R. 341.) The statement of facts is a fair account of the chronology in the action. It is accurate in detail with proper citation to the record. Such an account is necessary for a complete understanding of the case. We deny the motion to strike.

Defendant initially contends he was denied due process of law by the failure of the prosecution to institute formal probation revocation proceedings in the underlying misdemeanor action. This contention is without merit.

■ Defendant did not assert this contention in the circuit court. Defendant's motion to dismiss focused on pre-charging delay and prosecutorial vindictiveness. Defendant did not assert the prosecution was somehow obligated to institute formal probation revocation proceedings, nor did the trial court find defendant violated the terms of his probation in rendering its decision on the motion to dismiss. It is well settled that contentions not asserted in the circuit court are generally deemed waived on appeal. (*Mead v. Board of Review* (1986), 143 Ill. App. 3d 1088, 1093, 494 N.E.2d 171, 175; *Wilson v. Gorski's Food Fair* (1990), 196 Ill. App. 3d 612, 617, 554 N.E.2d 412, 416.) As an exercise of our judicial discretion, however, we elect to address the merits of this contention below. *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.

■ The prosecution is entrusted with broad discretion "to determine the extent of the societal interest in prosecution." (*United States v. Goodwin* (1982), 457 U.S. 368, 382, 73 L. Ed. 2d 74, 86, 102 S. Ct. 2485, 2493.) "The discretion afforded [the prosecution] is necessary because the legislature cannot fairly describe every possible set of circumstances which might present themselves *** in each case [to] predetermine [the] course of action by statute." (*People v. Golz* (1977), 53 Ill. App. 3d 654, 659, 368 N.E.2d 1069, 1073.) Therefore, in the exercise of that discretion, the prosecution has the responsibility for (1) the decision whether or not to prosecute; (2) the timing and content of the information; and (3) the negotiation of the plea agreement. *People v. Pankey* (1983), 94 Ill. 2d 12, 16, 445 N.E.2d 284, 287.

■ The filing of criminal charges is a discretionary matter resting within the exclusive jurisdiction of the prosecution. (*Pankey*, 94 Ill. 2d at 16, 445 N.E.2d at 287.) As a result, following its verification of the negative probation reports, the prosecution was free to file *either* a revocation petition *or* the remaining felony charges for different offenses against defendant under the plea agreement. The trial court found the misdemeanor charge and the probation sentence imposed were separate and distinct from the felony charges the prosecutor elected to file. The charging action of the prosecution, viewed in its entirety, complies with due process of law.

Defendant also contends the misdemeanor action bars the felony action under the constitutional doctrine of double jeopardy. We disagree.

A criminal defendant is protected against double jeopardy under the fifth amendment to the United States Constitution. (U.S. Const., amend. V; see also Ill. Const. 1970, art. I, §10.) That amendment provides: "No person shall *** be subject for the same offence to be

twice put in jeopardy of life or limb." (U.S. Const., amend. V.) This constitutional protection is enforceable against the State through the fourteenth amendment. U.S. Const., amend. XIV; *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664, 89 S. Ct. 2072, 2076.

■ The constitutional doctrine of double jeopardy consists of three separate protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (*Pearce*, 395 U.S. at 717, 23 L. Ed. 2d at 664-65, 89 S. Ct. at 2076.) The rationale underlying this doctrine "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States* (1957), 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204, 78 S. Ct. 221, 223.

■ The definitive test on the constitutional doctrine of double jeopardy is stated in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (*Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.) This test rests on the assumption the legislature does not ordinarily intend to punish the same offense under two different statutes. (*Whalen v. United States* (1980), 445 U.S. 684, 691-92, 63 L. Ed. 2d 715, 723-24, 100 S. Ct. 1432, 1437-38.) "[I]f each offense requires proof of an additional fact not required to prove the other, then the two offenses are not the same for double jeopardy purposes." *People v. Totten* (1987), 118 Ill. 2d 124, 138, 514 N.E.2d 959, 965.

The test is to focus on the statutory elements of the charged offenses, rather than on the actual evidence presented at trial. (*Illinois v. Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.) "[A] substantial overlap in the proof introduced at [successive] prosecutions is irrelevant for double jeopardy purposes as long as the offenses charged are distinct." *People v. Mueller* (1985), 109 Ill. 2d 378, 387, 488 N.E.2d 523, 527.

■ The statutory elements of the charged offenses are distinct.

As to the misdemeanor offense, criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—15(a)(2)) requires (1) an act of sexual conduct and (2) the knowledge that the victim was unable to understand or consent to the act. As to the felony offenses, aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)) requires (1) an act of sexual penetration, (2) an accused of 17 years of age or older, and (3) a victim of under 13 years of age. A comparison of the statutory elements reveals the charged offenses require different acts as well as different states of mind. (See *People v. Traufler* (1987), 152 Ill. App. 3d 987, 505 N.E.2d 21.) Since each offense requires proof of a fact which the other does not, they do not constitute the same offense under the *Blockburger* double jeopardy test. Further, the felony offenses charged occurred on different dates than the misdemeanor offense to which the defendant originally pleaded guilty. There is no double jeopardy here, and there is no basis for departing from a traditional analysis in rejecting defendant's position.

Defendant next contends his felony convictions should be overturned for prosecutorial vindictiveness. We again disagree.

■ A prosecution is vindictive if it is undertaken "[t]o punish a person because he has done what the law plainly allows him to do." (*Goodwin*, 457 U.S. at 372, 73 L. Ed. 2d at 80, 102 S. Ct. at 2488.) Prosecutorial vindictiveness is a violation of due process of law. (*Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.) Such a violation is remedied through dismissal of the criminal charges. *United States v. Gervasi* (N.D. Ill. 1983), 562 F. Supp. 632, 642.

The negotiation of a plea agreement is a legitimate and necessary process in our system of jurisprudence. (*Bordenkircher v. Hayes* (1978), 434 U.S. 357, 361-62, 54 L. Ed. 2d 604, 609, 98 S. Ct. 663, 667.) In the process, a criminal defendant is induced to enter a plea of guilty and forego his right to stand trial. As long as that defendant is free to accept or reject the negotiated plea agreement, the process itself is not proof of vindictiveness on the part of the prosecution. *Bordenkircher*, 434 U.S. at 363, 54 L. Ed. 2d at 610-11, 98 S. Ct. at 668.

■ Defendant appears to equate the action of the prosecution in enforcing the conditions of the negotiated plea agreement with vindictiveness. (See *United States v. Napue* (7th Cir. 1987), 834 F.2d 1311, 1330-31.) "The presence of a punitive motivation, [however], does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to non-criminal, protected activity." (*Goodwin*, 457 U.S. at 372-73, 73 L. Ed.

2d at 80, 102 S. Ct. at 2488.) The defendant pleaded guilty to a misdemeanor offense in order to avoid prosecution and possible conviction for serious, nonprobationable, felony offenses. The plea discussions and the presentation of the plea in court made it clear to all concerned defendant's behavior and compliance with certain conditions noted by the prosecutor would determine whether the felony charges would be filed at some future time. The prosecutor determined defendant's problems with alcohol continued, and elected to file the felony charges for other sex offenses the defendant had admitted committing.

■■ The prosecutor appropriately exercised her discretion and did exactly what she promised defendant she would do during plea negotiations and in open court when the misdemeanor plea was entered. This was not a response prompted by the defendant's exercise of his constitutional rights. It was a response prompted by her determination as a constitutional officer that further prosecution was appropriate because defendant could not abstain from alcohol, and alcohol abuse and his criminal activity were intertwined. The action of the prosecution was not vindictive.

Defendant further contends the prosecution filed its motion for substitution of judge in an untimely manner. This contention is without merit.

The defendant did not assert this contention in the circuit court. For this reason, the doctrine of waiver would ordinarily bar review of this contention on appeal. In this action, however, appellate review is not barred because this contention implicates a jurisdictional defect. *People v. Samples* (1982), 107 Ill. App. 3d 523, 528-29, 437 N.E.2d 1232, 1237.

Section 114—5 of the Code of Criminal Procedure of 1963 (Code) governs the substitution of judges in criminal cases. (Ill. Rev. Stat. 1987, ch. 38, par. 114—5.) Either the defense or the prosecution may move for the substitution of judges for prejudice. (Ill. Rev. Stat. 1987, ch. 38, pars. 114—5(a), (c).) As to the latter, the Code provides in pertinent part:

> "(c) Within 10 days after a cause has been placed on the trial call of a judge the State may move the court in writing for a substitution of that judge on the ground that such judge is prejudiced against the State. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion." Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c).

■■ The provisions of the Code are to be liberally construed to

protect the right to a fair and impartial trial under due process of law. (*People v. Kostos* (1961), 21 Ill. 2d 451, 454, 173 N.E.2d 469, 471.) Such a construction dictates a substitution motion must not only be made properly within the time allowed by the statutory provisions (*People v. Wolfe* (1970), 124 Ill. App. 2d 349, 354, 260 N.E.2d 424, 427), but also prior to judicial action on the merits of the action (*People v. Norcutt* (1970), 44 Ill. 2d 256, 262, 255 N.E.2d 442, 446). A litigant is precluded from testing judicial attitude on an issue and later asserting prejudice when the judge fails to support the litigant. *People v. Chambers* (1956), 9 Ill. 2d 83, 89, 136 N.E.2d 812, 815.

■■ We note the prosecution filed its substitution motion within one week of the arraignment proceedings in the felony action. At those proceedings, the judge entered an order directing the release of defendant on his own recognizance under bond. This action of the judge is not a ruling on a substantive matter. (See *People v. Crete* (1985), 133 Ill. App. 3d 24, 478 N.E.2d 846; *People v. Taylor* (1984), 101 Ill. 2d 508, 463 N.E.2d 705.) The prosecution timely filed its motion for substitution of the judge. *Taylor*, 101 Ill. 2d at 518, 463 N.E.2d at 710.

Defendant lastly contends the prosecutorial-movant provision of the substitution-of-judge statute is unconstitutional. (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c).) This contention is without merit.

The Illinois Supreme Court has considered challenges to the constitutionality of the substitution-of-judge statute in two cases. In *People v. Walker* (1988), 119 Ill. 2d 465, 519 N.E.2d 890, the court upheld the defendant-movant provision (Ill. Rev. Stat. 1985, ch. 38, par. 114—5(a)) over a separation of powers challenge. In *People v. Williams* (1988), 124 Ill. 2d 300, 529 N.E.2d 558, the court upheld the prosecutorial-movant provision (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(c)) over both a due process of law challenge and a separation of powers challenge. *Williams* is dispositive here.

■■ Defendant argues the prosecutorial-movant provision allows the prosecution to forum shop for a judge who may be biased against the defense in violation of due process of law. (See also U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Due process simply requires a litigant receive a fair trial in an impartial tribunal. (*In re Murchison* (1955), 349 U.S. 133, 136, 99 L. Ed. 942, 946, 75 S. Ct. 623, 625.) It does not also require a litigant receive his choice of the judge presiding at trial.

"A litigant does not have the right under due process to have his case heard by a particular judge. [Citations.] When it exercises its right to a substitution of judge under section 114—5(c),

the State is not seeking a particular judge, only an impartial one. Conversely, the defendant has no due process right to defeat this substitution motion, because he too has only the right of impartiality. If the State moves for substitution of judge, and the defendant feels that the substituted judge could not be impartial towards him, he can always make his own motion to substitute under section 114—5(a) or for cause under section 114—5(d)." *Williams*, 124 Ill. 2d at 308-09, 529 N.E.2d at 561-62.

██ Defendant also argues the prosecutorial-movant provision allows the prosecution to interfere with the authority of the judiciary to assign judges to hear cases in violation of separation of powers. This provision only peripherally affects the authority of the judiciary to assign judges. "Statutes which only peripherally affect the judicial branch do not violate the separation of powers clause of [the] Constitution (Ill. Const. 1970, art. II, §1), because separation of powers allows for the branches of government to overlap and share certain functions." *Williams*, 124 Ill. 2d at 307, 529 N.E.2d at 561.

The judgment of the Menard County circuit court is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.