THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CORTEZ L. MOORE, Defendant-Appellant.

Fourth District No. 4—00—0843

Opinion filed December 18, 2003.—Rehearing denied March 9, 2004.

Charles M. Schiedel and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

On August 11, 2000, defendant was convicted by a jury of unlawful delivery of a controlled substance (720 ILCS 570/407(b)(2) (West 2000)). Defendant appeals and alleges the prosecution denied him due process by refusing to negotiate toward a plea bargain after defense counsel sought the identity of an informant. We affirm.

## I. BACKGROUND

On April 4, 2000, defendant was charged by information with unlawful delivery of a controlled substance, a Class X felony (720 ILCS 570/407(b)(1) (West 2000)). The information alleged defendant, on March 8, 2000, knowingly delivered 1 gram or more, but less than 15 grams, of cocaine while within 1,000 feet of a place of religious worship. On April 18, 2000, the trial court entered a pretrial discovery order, by which it ordered disclosure of information, such as identity of witnesses and exculpatory evidence, to defendant. The State responded by listing witnesses, but did not list the name of the confidential informant. The State averred it provided any exculpatory evidence.

Defendant, on May 12, 2000, filed a motion to disclose the name and address of the confidential informant listed in a police report. On May 18, 2000, the State disclosed the name and criminal history of the informant.

On May 22, 2000, defendant moved to dismiss for prosecutorial misconduct and moved for appointment of a special prosecutor. According to the motion, defense counsel Scott Lerner spoke with Assistant State's Attorney Duke Harris on May 16, 2000, regarding plea

offers. Harris told Lerner he would make no plea offers in cases where the defendant requested the name of a confidential source and no offers in any case for which Lerner was the attorney. Harris also informed Lerner all offers he earlier made to Lerner were void. The motion concedes "the State is not required to make an offer" but argues "it is not proper to refuse to give an offer based on personal feelings about a client's attorney."

On May 31, 2000, a hearing was held on defendant's motion. The trial court accepted counsel's recitation of facts. According to Lerner, he spoke to Harris on May 16, 2000, regarding plea offers. Harris told Lerner he would make no offer in a case to which defendant requested the name of the confidential informant. Lerner asked Harris regarding another defendant he represented, Jonte Brim, who did not seek the name of the confidential informant. Harris refused to make a plea offer to Brim. In the case of Frank Piotroski, another of Lerner's clients, Harris also refused to make an offer.

Harris offered to clarify Lerner's statements. According to Harris, the same informant in Champaign was involved in a number of "video buys" and approximately 20 cases. Of those 20 cases, Lerner represented three defendants, including Brim and Moore. Lerner moved to disclose the informant in those cases. Harris told Lerner "if the State is forced to disclose informants that are otherwise usable tools of law enforcement, there would be no offers in those cases." Lerner continued to demand the name of the informant. The State turned it over and refused to plea bargain. Harris acknowledged Lerner did not file a motion to disclose in Brim's case, but stated it involved the same informant. Harris stated once the informant has been turned over, it was turned over in all of those cases and he had no motivation to negotiate.

Lerner did not dispute these facts but contended Harris's "recitation of the facts appears to be more narrow than what his position actually is." Lerner stated Harris made no offer regarding Frank Piotroski, even though Piotroski's case did not involve the informant. Harris stated in the Piotroski case no offer was made because Piotroski demanded a speedy trial. Lerner did not object to this statement.

The trial court concluded the evidence of any discrimination by Harris against Lerner was insufficient to justify relief on that ground. The trial court further held the following:

"I don't see any effort here to deny the [d]efendant a right to trial. There is, I believe, no right to a plea offer. And if the State chooses to offer under some circumstances and not in others, I believe there's case law saying that the State can do that."

The trial court denied defendant's motion to dismiss and for other relief. The trial court, however, granted Lerner's motion to withdraw as defendant's counsel. The trial court appointed new counsel, David Rumley, to represent defendant.

On August 10, 2000, defendant was charged with the lesser offense of unlawful delivery of a controlled substance, a Class 1 felony (720 ILCS 570/407(b)(2) (West 2000)), for defendant's alleged conduct on March 8, 2000. The information lessened the amount of cocaine allegedly delivered to less than one gram. A jury convicted defendant of the Class 1 felony on August 11, 2000.

On September 6, 2000, defendant filed a *pro se* posttrial motion, which alleges he was denied effective assistance of counsel. Defendant, in part, emphasized the prosecution's refusal to negotiate a plea bargain. On September 8, 2000, defendant was sentenced to 15 years' imprisonment. Four days later, the trial court denied defendant's posttrial motion.

Defendant appeals.

## II. ANALYSIS

On appeal, defendant contends he was treated "unfairly" by the prosecution. Defendant maintains "[b]y denying [him] a chance to plea-bargain after his attorney had put in the discovery request concerning the confidential informant, the prosecutor singled out and punished [him] for doing something the law plainly allows him to do." Defendant argues allowing the prosecution to deny plea bargaining on these grounds places defense counsel in an impossible position. Defense counsel must choose either to satisfy the obligation to investigate charges fully and lose an opportunity to plea bargain or negotiate a plea bargain on incomplete facts.

In response, the State argues defendant forfeited this argument by not raising it in a proper posttrial motion. Defendant, despite having representation, filed a *pro se* posttrial motion. No other posttrial motion was filed by counsel. We observed in *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996), when a defendant represented by counsel files a *pro se* motion, the trial court should not consider the *pro se* motion. We concluded a defendant has the right to proceed either through counsel or *pro se*, not both. Because the trial court should disregard the *pro se* motion, we held that motion did not satisfy the posttrial motion requirement under Supreme Court Rule 604(d). *Handy*, 278 Ill. App. 3d at 837, 664 N.E.2d at 1047.

■ The State maintains similarly this *pro se* motion cannot serve as the posttrial motion necessary to preserve defendant's argument on appeal. The State contends under *People v. Enoch*, 122 Ill. 2d 176, 190,

522 N.E.2d 1124, 1131-32 (1988), because there is no recognized post-trial motion, defendant has forfeited his argument by failing to raise it in a posttrial motion.

We disagree. In *Enoch*, the court held "when the defendant fails to comply with the statutory requirement to file a post[ ]trial motion," review is "limited to constitutional issues which have properly been raised at trial and which can be raised later in a post-conviction hearing petition (Ill. Rev. Stat. 1983, ch. 38, par. 122—1), sufficiency of the evidence, and plain error." *Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1131-32. Here, because defendant raises constitutional issues of due process and equal protection, these issues are reviewable on appeal under the constitutionality exception in *Enoch*. See *People v. Cox*, 295 Ill. App. 3d 666, 670, 693 N.E.2d 483, 485 (1998) (holding defendant's argument "the court erroneously denied his motion to suppress" was reviewable as a constitutional issue "even though defendant failed to raise [the issue] in a written posttrial motion").

In the alternative, the State argues the prosecutor's conduct was constitutionally proper. The State maintains the prosecution has broad discretion before trial to decide in which cases it should offer pleas and in which cases it should proceed to trial. The State argues, under *United States v. Ruiz*, 536 U.S. 622, 153 L. Ed. 2d 586, 122 S. Ct. 2450 (2002), the prosecution's plea-bargaining discretion includes considering the interplay between plea bargaining and protecting an informant's identity.

■ We agree. A prosecutor "is entrusted with broad discretion 'to determine the extent of the societal interest in prosecution.' " *People v. Flanagan*, 201 Ill. App. 3d 1071, 1076, 559 N.E.2d 1105, 1108 (1990), quoting *United States v. Goodwin*, 457 U.S. 368, 382, 73 L. Ed. 2d 74, 86, 102 S. Ct. 2485, 2493 (1982). This discretion is necessary, as our legislature " 'cannot fairly describe every possible set of circumstances which might present themselves *** in each case [to] predetermine [the] course of action by statute.' " *Flanagan*, 201 Ill. App. 3d at 1076, 559 N.E.2d at 1108, quoting *People v. Golz*, 53 Ill. App. 3d 654, 659, 368 N.E.2d 1069, 1073 (1977). The prosecutor, in exercising this discretion, bears responsibility for, among other things, negotiating plea agreements. *Flanagan*, 201 Ill. App. 3d at 1076, 559 N.E.2d at 1108.

■ Although an accused has the constitutional right to know the name of an informant who witnessed or participated in a criminal occurrence (*People v. Woods*, 139 Ill. 2d 369, 378, 565 N.E.2d 643, 648 (1990)), the United States Supreme Court held in *Ruiz* there is no constitutional right to information regarding an informant before plea bargaining. See *Ruiz*, 536 U.S. at 632, 153 L. Ed. 2d at 597, 122 S. Ct. at 2457. The facts in *Ruiz* are similar to those here.

In *Ruiz*, 30 grams of marijuana were found in the defendant's luggage. The prosecution offered the defendant a "fast track" plea bargain, which asked the defendant to waive, among other things, trial, appeal, and " 'the right' to receive 'impeachment information relating to any informants.' " *Ruiz*, 536 U.S. at 625, 153 L. Ed. 2d at 593, 122 S. Ct. at 2453. In return, the prosecution agreed it bore a continuing obligation to provide any information "establishing the factual innocence of the defendant." *Ruiz*, 536 U.S. at 625, 153 L. Ed. 2d at 592-93, 122 S. Ct. at 2453. The defendant refused the prosecution's offer but ultimately pleaded guilty. The defendant sought sentencing based on the original offer by the prosecution. The prosecution objected, and the district court sentenced the defendant according to the standard guideline. *Ruiz*, 536 U.S. at 625-26, 153 L. Ed. 2d at 593, 122 S. Ct. at 2453. The defendant appealed.

The United States Court of Appeals for the Ninth Circuit held the same obligation that required prosecutors to provide defendant's impeachment information before trial "entitle[d] defendants to receive that same information before they enter into a plea agreement." *Ruiz*, 536 U.S. at 626, 153 L. Ed. 2d at 593, 122 S. Ct. at 2453, citing *United States v. Ruiz*, 241 F.3d 1157, 1164 (9th Cir. 2001). The Ninth Circuit remanded the case to the district court for further proceedings. *Ruiz*, 536 U.S. at 626, 153 L. Ed. 2d at 593, 122 S. Ct. at 2453.

The Supreme Court disagreed with the Ninth Circuit. *Ruiz*, 536 U.S. at 629, 153 L. Ed. 2d at 595, 122 S. Ct. at 2455. The Court concluded the constitution does not "require[ ] *** preguilty plea disclosure of impeachment information." *Ruiz*, 536 U.S. at 629, 153 L. Ed. 2d at 595, 122 S. Ct. at 2455. The Court observed "the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be," "[b]ut the [c]onstitution does not require the prosecutor to share all useful information with the defendant." *Ruiz*, 536 U.S. at 629, 153 L. Ed. 2d at 595, 122 S. Ct. at 2455.

*Ruiz* establishes the prosecution's insistence on protecting the identity of his source as a prerequisite to plea bargaining does not violate defendant's constitutional right of due process. There is no constitutional requirement the State must "disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Ruiz*, 536 U.S. at 632, 153 L. Ed. 2d at 597, 122 S. Ct. at 2457.

■ Here, like *Ruiz*, the prosecutor, in effect, asked defendant to waive evidence related to the informant when the prosecutor told defense counsel plea bargaining was contingent upon keeping the informant's identity confidential. Defendant, apprised of the conse-

quences of his request, insisted on receiving the name of the informant. The prosecutor complied but then refused to plea bargain. These actions were within the prosecutor's broad discretion to plea bargain. Defendant's due process rights were not violated.

Moreover, the prosecutor's conduct is not punishment. As the Supreme Court held in *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 54 L. Ed. 2d 604, 610-11, 98 S. Ct. 663, 668 (1978), "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Defendant did not allege any facts or cite any authority to establish he was not free to postpone or forego seeking the informant's identity to allow plea bargaining. The evidence establishes the prosecutor told defense counsel *before* releasing the informant's identity that revealing the identity would foreclose plea bargaining. By demanding the identity, defense counsel, on behalf of his client, freely chose to forego plea negotiations.

Defendant also maintains his equal protection rights were violated because he was "single[d] out *** for prosecution" because he asked the name of the "central witness against him." Defendant provides no equal protection authority supporting this argument and has forfeited this argument. *Elder v. Bryant*, 324 Ill. App. 3d 526, 533, 755 N.E.2d 515, 522 (2001).

In addition, we note defendant's equal protection argument is essentially the same as his due process argument. Defendant maintains he was treated differently than other defendants because he sought the name of the informant. This treatment is not improper especially when, as explained in this case, the prosecutor seeks to protect the identity of an informant who is involved in numerous cases and is considered a potential resource for future cases.

## III. CONCLUSION

We affirm the trial court's judgment.

Affirmed.

COOK and MYERSCOUGH, JJ., concur.