# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hubbard*, 2012 IL App (2d) 120060

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY E. HUBBARD, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-12-0060, 2-12-0348 cons. |
| Filed | October 17, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The mandate of section 12-14(d)(2) of the Criminal Code that defendant had to be sentenced to life for aggravated criminal sexual assault because he had a prior conviction for predatory criminal sexual assault of a child did not apply to defendant, because his prior sentence was not placed before the court as part of his guilty plea; therefore, his sentence to 47½ years was not void and his petitions under section 2-1401 of the Code of Civil Procedure were properly dismissed. |
| Decision Under Review | Appeal from the Circuit Court of Jo Daviess County, No. 05-CF-84; the Hon. William A. Kelly, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Roy E. Hubbard, of Pontiac, appellant *pro se.*

Terry M. Kurt, State's Attorney, of Galena (Lawrence M. Bauer and Scott Jacobson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.

Justices McLaren and Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Roy E. Hubbard, appeals from the dismissal of two petitions under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) in which he sought to vacate his 2006 conviction of aggravated criminal sexual assault (bodily harm) (720 ILCS 5/12-14(a)(2) (West 2004)). That conviction was entered under a plea agreement by which defendant received a sentence of 47½ years' imprisonment. During a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997) before the court's acceptance of the agreement, the parties advised the court of defendant's prior conviction of predatory criminal sexual assault of a child, but the parties did not formally stipulate to the conviction's existence and the court did not take judicial notice of it. In his petitions, defendant asserted that, under the recidivist sentencing provision of section 12-14(d)(2) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-14(d)(2) (West 2004) (now 720 ILCS 5/11-1.30(d)(2) (West 2010))), the existence of the earlier conviction meant that the only statutorily authorized sentence was a life sentence. He argued that, as a consequence, the sentence, the plea agreement, and the conviction all were void.

¶ 2        We hold that the prior conviction was not placed before the court as part of defendant's guilty plea and that the mandate of section 12-14(d)(2) for a life sentence therefore did not apply. Thus, defendant's sentence is not void, and no fatal flaw existed in the plea agreement or conviction. Consequently, no relief was available to defendant. We affirm both dismissals.

¶ 3                                I. BACKGROUND

¶ 4        On June 6, 2005, the State charged defendant with three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)). The charges were based on three acts of sexual penetration with one victim, defendant's stepdaughter, T.G. Each count alleged that, on February 3, 1998, defendant had been convicted of predatory criminal sexual assault of a child. An amended information added a fourth count, described as "aggravated criminal sexual assault":

        "[I]n violation of Section 12-14(a) (2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State, in that said defendant, who was 17 years of age or older,

-2-

committed an act of sexual penetration causing bodily harm to T.G., who was under 9 years of age when the act was committed, in that said defendant placed his penis in the vagina of T.G."

¶ 5 On January 12, 2006, defendant entered a negotiated guilty plea to the fourth count, by which he received a sentence of 47½ years' imprisonment. At the plea hearing, the State explained the sentencing law and the agreement as follows:

"Judge, the statute requires that when a defendant is previously convicted of predatory criminal sexual assault and then afterwards has another predatory criminal sexual assault conviction or even aggravated criminal sexual assault conviction that the term of his imprisonment will be natural life. Based on the fact that we have discussed this case in great length; attorneys for the defendant and our office and with discussion from the victim who is five years old, her mother who is the wife of the defendant, as well as a number of other parties and also given the fact that we believe it would be best if the child does not have to testify in court just because of her young age and all those factors, we have entered an agreed plea amount of time [*sic*] that we believe would be necessary for a punishment for this defendant and that agreed time would be 47.5 years."

¶ 6 The court recited the charged offense to defendant. The language it used was similar, but not identical, to that of count IV. The recitation specified that the act took place "between July 1st, 2004 and April 30th, 2005." As the State did in the information, the court described the offense as aggravated criminal sexual assault and cited section 12-14(a)(2) of the Criminal Code. The court asked defendant if he "underst[oo]d the charge to which [he would be pleading] guilty," and defendant said that he did.

¶ 7 The court then asked the State, "Now this is a charge *** that carries with it a statutory disposition here of life imprisonment but in this case the sentence is going to be 47 and a half years, is that right?" The State agreed that it was. The State presented a factual basis consistent with the information: the victim would testify that the charged act occurred, and the State would introduce a videotape, "made very close to when it happened," in which the victim described the same act. The evidence would also show bodily harm. The State did not mention defendant's age. Defendant and the State then formally stipulated that the evidence would be as the State described. After admonishing defendant, the court accepted the plea and imposed the agreed sentence.

¶ 8 On May 7, 2007, defendant filed a postconviction petition. As amended, the petition asserted primarily that the court should vacate the conviction because trial counsel had been ineffective, but alternatively that the court had not properly admonished defendant concerning the inclusion of a term of mandatory supervised release in his sentence, so that, under the rule in *People v. Whitfield*, 217 Ill. 2d 177 (2005), the court should reduce his sentence by three years to conform to the admonitions. The parties agreed that the court should reduce defendant's sentence of imprisonment to 44½ years based on the rule in *Whitfield*. During the postconviction proceedings, the trial court told defense counsel, "I just wanted to make sure that I understand that in the event the relief you're seeking is granted, that your client appreciates *** the exposure to natural life." In response, defense counsel stated, "[w]ell, they have to prove the second offense and that wasn't proven, I don't think;

I wasn't the lawyer then." In explaining to counsel that the court understood counsel's point, the court again reminded him that defendant could be "exposed to natural life" if the postconviction relief he sought were granted. The court later denied the remaining claims in the petition. Defendant appealed, but we later dismissed the appeal on his motion. *People v. Hubbard*, No. 2-10-0725 (2011) (minute order).

¶ 9        On October 27, 2011, defendant filed a "Petition for Relief from Void Judgments." In it, he asserted that his sentence was void because it was too long for an unenhanced Class X sentence, but also was not in conformity with the life-sentence mandate of section 12-14(d)(2).

¶ 10       The State responded, asserting that defendant had waived any objection to the sentence by pleading guilty. It argued in the alternative that the sentence was void and that the court should modify defendant's sentence to a life term. At the hearing, it argued that no authority supported defendant's claim that one can withdraw his guilty plea six years after he entered it. The court dismissed the petition. It ruled that forfeiture or *res judicata* principles barred the claim. Defendant then filed the first of the appeals now before this court, No. 2-12-0060, but did not cause the clerk to file a record.

¶ 11       With his first section 2-1401 appeal pending, defendant filed a second section 2-1401 petition, in which he argued only that his sentence exceeded what was authorized by statute. He argued that, in dismissing the previous petition, the court misinterpreted Illinois's voidness law. When the State did not answer, defendant filed a motion for "Summary Judgment"; this was, in substance, a motion for default judgment. A computerized docket entry dated February 28, 2012, states, "Court's motion Motion for Summary Judgment [*sic*] not timely. [C]ase closed." Defendant filed a notice of appeal on March 22, 2012, producing the second appeal at issue here, No. 2-12-0348. Defendant caused the clerk to file a standard record in this second appeal. Defendant moved to consolidate the two appeals, and we granted the motion.

¶ 12                                        II. ANALYSIS

¶ 13       On appeal in No. 2-12-0060, defendant argues that his sentence is void because it exceeds the Class X maximum. Contradicting his first argument, he also asserts that, because he had a prior conviction of predatory criminal sexual assault of a child, he is subject to the recidivist provision of section 12-14(d)(2):

"A person *** who is convicted of the offense of aggravated criminal sexual assault after having previously been convicted of *** the offense of predatory criminal sexual assault of a child *** shall be sentenced to a term of natural life imprisonment. The commission of the second or subsequent offense is required to have been after the initial conviction for this paragraph (2) to apply." 720 ILCS 5/12-14(d)(2) (West 2004).

He therefore asks that this court vacate his sentence and conviction. His brief in appeal No. 2-12-0348 is essentially similar.

¶ 14       The State asserts that defendant's sentence is proper as a discretionary extended-term Class X sentence under sections 5-5-3.2(b) and 5-8-2 of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-5-3.2(b), 5-8-2 (West 2004)). We agree.

-4-

¶ 15 We hold that the sentence had statutory authorization as a discretionary extended-term Class X sentence predicated on the aggravating factor that the victim was less than 13 years old at the time of the offense. Although both parties have now conceded that defendant had a 1998 conviction of predatory criminal sexual assault of a child, the parties did not formally present that conviction to the court at the plea proceedings, as they would have needed to in order to trigger the recidivist provision of section 12-14(d)(2).

¶ 16 We address *de novo* whether an order is void; because relief from void orders is available in any court with proper jurisdiction–even if a party raises an issue for the first time on appeal–the trial court's treatment of defendant's petitions does not affect whether we can give relief. See *People v. Schlabach*, 2012 IL App (2d) 100248, ¶ 13 (noting that actions in the trial court were not relevant to whether relief was available for a void judgment). Defendant concedes that the voidness claim is the sole basis of his claim of error.

¶ 17 The outcome in this case is largely governed by the principles set out in *People v. White*, 2011 IL 109616.[1] Specifically, the State and a defendant have the right to negotiate what facts are presented to the court in support of a plea agreement. Those facts must be statutorily consistent with the agreed sentence or sentencing range. The factual basis is the principal means of placing those facts before the court.

¶ 18 In *White*, the State charged the defendant with, among other things, first-degree murder. The charges stemmed from the death of a taxi driver in an apparent armed robbery. *White*, 2011 IL 109616, ¶ 3. The State and the defendant agreed that the defendant would plead guilty to first-degree murder and to an offense that he committed while in custody. He would receive a 28-year sentence for the murder, a sentence that required the assumption that the 15-year mandatory firearm enhancement provision (730 ILCS 5/5-8-1(a)(1)(d)(i) (West 2004)) would not apply. *White*, 2011 IL 109616, ¶¶ 4, 9. In presenting the factual basis for the plea, the State recited that " 'the victim was shot in the temple one time with a handgun.' " *White*, 2011 IL 109616, ¶ 6. Further, the defendant was not the gunman, but had participated in the robbery. *White*, 2011 IL 109616, ¶ 6. The court accepted the plea and imposed the agreed sentence (*White*, 2011 IL 109616, ¶ 7), but the defendant later moved to vacate the plea, asserting that the sentence was void because it was not long enough to include the 15-year firearm enhancement (*White*, 2011 IL 109616, ¶ 9). The court denied the motion, ruling that the enhancement was inapplicable when a defendant was convicted under an accountability theory. *White*, 2011 IL 109616, ¶ 11.

¶ 19 The defendant appealed, and the appellate court reversed. *White*, 2011 IL 109616, ¶¶ 12-14. On further appeal by the State, the supreme court held that the enhancement was applicable under an accountability theory. *White*, 2011 IL 109616, ¶ 19. It further pointed out

---

[1]Because we do not apply *White* to grant relief–although we follow its principles, we distinguish the facts–we need not decide whether the rule in *White* is retroactive under the rule in *Teague v. Lane*, 489 U.S. 288 (1989). A First District panel, in *People v. Avery*, 2012 IL App (1st) 110298, ¶¶ 30-47, held that, because *White* stated a "new rule" not dictated by existing precedent, the rule in *White* does not apply retroactively under *Teague* principles. We would suggest that the holding in *White* follows from the holding in *People v. Arna*, 168 Ill. 2d 107 (1995): that a sentence statutorily inconsistent with the record facts is void. However, we need not decide the point.

that it had long held that a court lacks authority–jurisdiction–to impose a sentence that does not conform with statutory requirements, so that such a sentence is void. *White*, 2011 IL 109616, ¶ 20. Because the use of a firearm was part of the factual basis, it followed that the sentence had to be consistent with firearm use:

"The version of the facts agreed to by the State and presented by it in the factual basis to the court established that a firearm was used in the commission of the offense. Thus, *** the mandatory sentence enhancement was triggered." *White*, 2011 IL 109616, ¶ 27.

¶ 20     The State argued that "in negotiating the guilty plea, it could concede a version of the facts which would fail to acknowledge that a firearm was used in the commission of the offense and make sentencing concessions based on that set of facts." *White*, 2011 IL 109616, ¶ 27. The *White* court held that, because the facts that the State had conceded were those of the factual basis, the "principle relied upon by the State [was] not relevant." *White*, 2011 IL 109616, ¶ 27. The court thus implicitly accepted that such concessions of fact are proper, provided that the factual basis given is consistent with such a concession. Further, the special concurrence of Justice Theis made explicit what she read as implicit in the majority opinion. *White*, 2011 IL 109616, ¶ 35 (Theis, J., specially concurring). She stated that, had the State set out a factual basis in which the handgun was replaced with a "dangerous weapon," the sentence would have been valid. *White*, 2011 IL 109616, ¶ 41 (Theis, J., specially concurring).

¶ 21     The holdings of *White* are amenable to restatement in contract terms. See *People v. Bannister*, 236 Ill. 2d 1, 9 (2009) ("Absent due process concerns, the validity of a plea agreement is generally governed by contract law."). The parties to a plea agreement are the State and the defendant. *People v. Smith*, 406 Ill. App. 3d 879, 888-89 (2010). As the *White* majority implied and the special concurrence made explicit, the terms that the parties negotiate include not only the sentence, but the facts that the State will present to the court. The parties set out the agreement by means of the plea hearing; they introduce the facts through the factual basis (and those counts of the charging instrument to which the defendant pleads guilty). Those facts determine the validity of the sentence.

¶ 22     Returning to the facts here, the issue is whether the mere mention of defendant's prior conviction during the conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997) and during the preliminary proceedings before the formal entry of the plea bound the trial court without regard to the clear intent of the parties to omit the prior conviction from the factual basis for the plea. "The principal purpose of Rule 402 was to remove the aura of secrecy from plea agreements so that their details would be recorded and clearly understood." *People v. Lambrechts*, 69 Ill. 2d 544, 558 (1977). The record discloses that, prior to the formal entry of the plea, the parties met with the court in chambers and disclosed the tentative plea agreement. Consistent with Rule 402, during the conference the court received the reasons for the tentative agreement, including factors in aggravation and mitigation. The court indicated its concurrence to the parties and took the plea in open court pursuant to the terms agreed upon. The State's Attorney, in his discretion, decided not to invoke the law that would have otherwise called for the imposition of a mandatory life sentence. The colloquy between the court and counsel before the entry of the plea merely fulfilled the purpose of Rule 402, to make sure that the "details" or reasons for the agreement were recorded and

clearly understood. We reject defendant's argument that it can be "reasonably inferred" that the court "took judicial notice" of defendant's prior conviction of predatory criminal sexual assault of a child. The court certainly could have, in its discretion, taken judicial notice of defendant's prior conviction as a reason not to concur in the agreement. See *People v. Barham*, 337 Ill. App. 3d 1121, 1129-30 (2003) (Illinois courts may, in their discretion, take judicial notice, if otherwise appropriate, without a request from a party.); Ill. R. Evid. 201(c) (eff. Jan. 1, 2011).

¶ 23    A court is mandated to take judicial notice only where requested to do so by a party and where the necessary information is supplied. Ill. R. Evid. 201(d). Had the State formally offered evidence of defendant's prior conviction at a sentencing hearing for the instant offense where the charging instrument alleged the prior conviction (pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010))), the trial court would have been required to sentence defendant to natural life. See *People v. Henry*, 20 Ill. App. 3d 73 (1974) (State's Attorney is vested with power to determine the offense that can and should properly be charged, and the trial court is without authority to strike alleged prior conviction from the charging instrument, thus reducing the charge from a felony to a misdemeanor). " 'The State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution. That discretion includes the choice of which charges shall be brought. A criminal does not have the right to choose his or her prosecution or punishment.' " *People v. Davis*, 213 Ill. 2d 459, 478-79 (2004) (quoting *People v. Ceja*, 204 Ill. 2d 332, 362 (2003)). The State's Attorney "has the discretion not only to decide what charges to bring, but to decide whether charges should be dismissed." *People v. Van Schoyck*, 232 Ill. 2d 330, 339 (2009); see *People v. Rhodes*, 38 Ill. 2d 389, 391 (1967). As reviewing courts have repeatedly recognized, prosecutors are "entrusted with broad discretion ' "to determine the extent of the societal interest in prosecution." ' " *People v. Moore*, 345 Ill. App. 3d 1043, 1047 (2003) (quoting *People v. Flanagan*, 201 Ill. App. 3d 1071, 1076 (1990), quoting *United States v. Goodwin*, 457 U.S. 368, 382 (1982)). This discretion is necessary to the effective administration of justice because the legislature " ' "cannot fairly describe every possible set of circumstances which might present themselves *** in each case [to] predetermine [the] course of action by statute." ' " *Moore*, 345 Ill. App. 3d at 1047 (quoting *People v. Flanagan*, 201 Ill. App. 3d at 1076, quoting *People v. Golz*, 53 Ill. App. 3d 654, 659 (1977)). State's Attorneys have always enjoyed wide discretion in the initiation and management of criminal cases. Defendant cites no authority to establish that the State was not free to forgo seeking a natural life sentence by nol-prossing counts I, II, and III in exchange for an agreed term of years. Such a finding would be at odds with the view that "the plea bargaining process and the negotiated plea agreements that result have been recognized not only as constitutional, but also as vital to and highly desirable for our criminal justice system." *People v. Evans*, 174 Ill. 2d 320, 325 (1996) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978), and *Santobello v. New York*, 404 U.S. 257, 260-61 (1971)).

¶ 24    The authority of prosecutors to forgo proving up aggravating factors (either as elements of the offense or as prior convictions) at sentencing is a recognized element of effective plea bargaining. In *Bordenkircher*, the State charged the defendant with uttering a forged instrument. During plea negotiations, the prosecutor informed the defendant that, if he did

not agree to a plea of guilty and a sentence of five years, the State would reindict him under the habitual criminal statute, which carried a mandatory life term. The defendant refused to plead, and the State kept its promise. The United States Supreme Court "accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Bordenkircher*, 434 U.S. at 364. The United States Supreme Court recently observed that "criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, ___ U.S. ___, ___, 132 S. Ct. 1376, 1381 (2012). The Court noted that "ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1388 (citing *Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1407 (2012)). In those companion cases, the Court held that, while there is no right to a plea offer, where plea offers are extended the sixth amendment right to effective assistance of counsel extends to the plea bargaining process. See *Lafler*, ___ U.S. ___, 132 S. Ct. 1376; *Frye*, ___ U.S. ___, 132 S. Ct. 1399. In both *Lafler* and *Frye* the offers extended by the prosecution were far more lenient than the sentences the defendants would face after trial. In *Lafler*, the prosecution offered to dismiss a charge that included an element, "intent to murder," that required a longer mandatory minimum sentence. *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1383. In *Frye*, the defendant was charged with driving with a revoked license. Because he had three prior convictions of the same offense, the defendant faced a felony conviction, carrying a maximum four-year prison term. *Frye*, ___ U.S. at ___, 132 S. Ct. at 1401. The prosecutor sent a letter to the defendant's attorney, offering a choice between two potential dispositions. One was a guilty plea to the felony with a recommended sentence of three years. The second was a guilty plea to a misdemeanor with a recommended sentence of 90 days. *Frye*, ___ U.S. at ___, 132 S. Ct. at 1401.

¶ 25    The United States Supreme Court recognized in these cases that the plea bargaining process is central to the criminal justice system and "is almost always the critical point for a defendant." *Frye*, ___ U.S. at ___, 132 S. Ct. at 1407. That was certainly the case for defendant here. Had the State chosen not to convey an offer that excluded the prior conviction, he would have faced a mandatory life sentence. Compliance with Illinois Supreme Court Rule 402 (eff. July 1, 1997) in this case ensured that defendant knew and understood the charges against him, that he understood the benefits of accepting the State's offer, and that he was aware of the rights he was surrendering by pleading guilty. Compliance with the rule in this case also helped to ensure against defendant's claims. Defendant has not established a basis for relief.

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, we affirm the dismissals of both of defendant's section 2-1401 petitions.

¶ 28    Affirmed.