JOHN TULLY

v.

TOWN OF NORTHFIELD.

</div>

1. JURISDICTION CRIMINAL COURT—QUASI CRIMINAL ACTIONS.—The Criminal Court of Cook county has jurisdiction of. an appeal from a justice of the peace imposing the penalty prescribed by the statute for obstructing a highway. Actions to recover a statutory penalty are in their nature *quasi* criminal.

2. OBSTRUCTING HIGHWAY—PENALTY.—In a proceeding to recover a penalty for obstruction of a highway, the prosecutor must show not only the placing of the obstruction, but that there was a public highway.

3. ESTABLISHING HIGHWAY—PROOF.—The court reviews the evidence

Tully v. Town of Northfield.

offered to show the existence of a highway, and is of opinion it was insufficient, and holds that under the statute, until the commissioners' court has acted upon the report of the viewers, and determined the width of the proposed road, and the plat has been recorded, the road is not established.

Appeal from the Criminal Court of Cook county; the Hon. William H. Barnum, Judge, presiding. Opinion filed May 25, 1880.

This was a suit brought by the town of Northfield before a justice of the peace against appellant and others, to recover the penalty prescribed by the statute for obstructing an alleged highway running on the section line between sections 2 and 11, Township 42, N. of R. 12, east of the 3d P. M., in the county of Cook. Appellant was found guilty in the justice's court, and a penalty was assessed against him, from which judgment he appealed to the criminal court of Cook county, where he was again found guilty, and fined $10. He brings the case to this court and asks for a reversal of the judgment—first, because the criminal court had no jurisdiction; second, because there was no highway at the place where the obstruction was put up; and thirdly, because there was no sufficient proof that he erected the obstruction complained of.

Messrs. Culver & Hurford, for appellant; that it must be shown that the place obstructed was a public highway, cited The People v. Young, 72 Ill. 411; Houston v. The People, 63 Ill. 185; Town of Lewiston v. Proctor, 27 Ill. 414.

Evidence of a witness that he saw a record without being able to give the contents of it, does not prove a record: Vail v. Iglehart, 69 Ill. 332; Kehoe v. Rounds, 69 Ill. 351; McCabe v. Porter, 73 Ill. 244.

Survey and platting does not make a highway: Gentleman v. Soule, 32 Ill. 271; Com'rs of Highways v. The People, 38 Ill. 348; Green v. Green, 34 Ill. 320.

As to what constitutes a dedication: Alvord v. Ashley, 17 Ill. 363; Dimon v. The People, 17 Ill. 416; Gentleman v. Soule, 32 Ill. 271; Grube v. Nichols, 36 Ill. 92; Kelly v. Chicago, 48 Ill. 388; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; McIn-

tyre v. Storey, 80 Ill. 127; Kyle v. Town of Logan, 87 Ill. 64.

The statute under which the prosecution was brought went into force after the act done, and the law in force when the act was done had expired, so no prosecution can be maintained: Eaton v. Graham, 11 Ill. 619; County of Menard v. Kincaid, 71 Ill. 587; Kipp v. Lichtenstein, 79 Ill. 358.

The judgment for obstructing a highway and continuing obstruction is void: Rev. Stat. 1874, 640; Dowling v. Stewart, 3 Scam. 193; Eaton v. Graham, 11 Ill. 619; Town of Partridge v. Snyder, 78 Ill. 519.

Mr. E. M. HAINES and Mr. P. T. KEILY for appellee; that parol evidence is admissible to show the location of a road, cited Nealy v. Brown, 1 Gilm. 10; Brown v. Jefferson, 16 Iowa, 239; Eyman v. The People, 1 Gilm. 4; Dumoss v. Francis, 15 Ill. 543; Morrow v. Commonwealth, 48 Pa. St. 305.

Mere non-user will not justify an encroachment upon a highway: Dumoss v. Francis, 15 Ill. 543; Galbraith v. Littiech, 73 Ill. 209.

No number of years' continuance will legalize an encroachment: State v. Pierson, 37 N. J. L. 216.

The road is established when the court has approved the report and sanctioned the location: Ferris v. Ward, 4 Gilm. 499.

Dedication may be presumed from acts and declarations of the owner: Hiner v. Jeanpert, 65 Ill. 428; Marcy v. Taylor 19 Ill. 634; Harding v. Town of Hale, 61 Ill. 192; Rees v. City of Chicago, 38 Ill. 322; Havana v. Biggs, 58 Ill. 483; Kyle v. Town of Logan, 87 Ill. 64; Angell on Highways, § 142.

The jury are to judge of the credibility of the witnesses, and their verdict in this respect should not be set aside: Schrœder v. Horvey, 75 Ill. 638; Clement v. Brown, 30 Ill. 43; Holbrook v. Nichol, 36 Ill. 161; Newkirk v. Cone, 18 Ill. 449.

As to jurisdiction of criminal court: Wiggins v. Chicago, 68 Ill. 372; Naylor v. Galesburg, 56 Ill. 285.

The new law did not repeal the former one so as to affect prosecutions for an offense under the prior law: Rev. Stat.

1874, 1012; Roth v. Eppy, 80 Ill. 283; Rev. Stat. 1874, 1046, 1012; Farmer v. The People, 77 Ill. 322; People v. Herr, 81 Ill. 125; Board, etc. v. Chicago, 14 Ill. 334.

The admissions of appellant by his conduct, are binding on him and his privies in estate: Robbins v. Butler, 24 Ill. 428; C. & N. W. R. R. Co. v. Boone Co. 44 Ill. 240; Ashlock v. Linder, 50 Ill. 169.

WILSON, J.   In respect to the first point made by appellant, we see no reason to doubt that the criminal court had jurisdiction of the case.   By the provisions of Section 26, Article VI of the Constitution of 1870, it is provided that "the Recorder's Court of the city of Chicago shall be continued, and shall be called the Criminal Court of Cook county.   It shall have the jurisdiction of a circuit court in all cases of a criminal or *quasi* criminal nature arising in the county of Cook, or that may be brought before said court pursuant to law; and all recognizances and appeals taken in said county in criminal or *quasi* criminal cases shall be returnable and taken to said court." The term *quasi* criminal embraces all offenses not crimes or misdemeanors, but which are in the nature of crimes—a class of offenses against the public which have not been declared to be crimes, but wrongs against the local or general public which it is proper should be punished by forfeitures or penalties.   Wiggins v. City of Chicago, 68 Ill. 372.   A *quasi* crime does not embrace an indictable offense, whatever be its grade, but simply forfeitures for a wrong done to the public, whether voluntary or involuntary, where a penalty is given, whether recoverable by civil or criminal process.   Ibid. 375.   Actions to recover a penalty are in their nature *quasi* criminal prosecutions.   Naylor v. Galesburg, 56 Ill. 285.   The jurisdiction of the criminal court of Cook county in cases like the present seem to have been thus fully settled by the construction given to the language of the Constitution by the Supreme Court.

Upon the question as to the sufficiency of the proof to show that appellant was guilty of putting up the obstruction complained of, it becomes unnecessary to pass, since we are of the opinion that appellee failed to prove the existence of the al-

leged highway.    The burden was upon the plaintiff to show, not only the placing the obstruction by the defendant, but also to show that there was a public highway.    This it sought to do in three ways: by the record, by dedication and by user.    While the law does not require in penal actions the exclusion of all reasonable doubts, as in the trial of indictments for crime, it is nevertheless incumbent on the plaintiff to establish by a clear preponderance of evidence, every material fact essential to make out a case.    Town of Lewiston v. Procter, 27 Ill. 414. Tested by this rule, the proof in the present case fell far short of the required standard.

To prove the existence of a highway by the record, the plaintiff called Asa F. Bradley, who testified that over thirty years ago, when county surveyor, he, in company with two viewers appointed by the county commissioners' court, laid out a road 66 feet wide, running east from Plum Grove to Lake Michigan, and passing between sections 6 and 7, 11 and 2, 1 and 12, etc.; that he returned the plat and survey to the county commissioners' court, signed by himself and the other viewers.    The plaintiff then called Henry Walter, who testified as follows: "Saw a plat and order in the county clerk's office of the road in question.    It was taken from the vault and handed to me. In 1868 or 1869, Andrew Tully, now deceased, father of John Tully, called on me and said he had bought eight acres north of and adjoining the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 11, and said there was no highway on the section line.    Went to the town clerk's office, and made search and found no record of any road; then went to the county clerk's office, and found it in a bundle of papers; can't tell whose names were signed to it." On cross-examination he says: "Saw a certificate on the plat I saw in the county clerk's office; can't give the wording of it, or of the order in the county clerk's office.    Can't tell who signed; there were three signatures to it; can't tell a word in the order or in the plat; can't give any dates to either of them; can't tell in what capacity the signers signed it; can't recite the order."    This is the entire evidence offered to show the existence of a road by the record, except the proof of the destruction of the books and papers in the county clerk's office

by fire.   It is manifest that when using the word " order," the witness referred to the *report* of the viewers, for he says the plat and order were handed to him in a bundle of papers; and he nowhere speaks of having seen any book containing the record of the orders or proceedings of the county commissioners' court.

But if it were conceded that the contents of a record could be supplied by secondary evidence of this vague and unsatisfactory character, it wholly fails to show the establishment of a highway.   The statute in force at the time the road was surveyed, and the plat and report filed in the county clerk's office (Rev. Stat. 1843, 487, § 33) provides as follows:   " All roads shall be surveyed, and a plat with the courses and distances thereof returned with the report of the viewers to the commissioners' court, which shall be recorded and filed.   The commissioners' court, on the return of the report and plat, shall determine and *establish on record the width of the road*, making the main leading roads four rods wide, and none less than thirty feet."

Until the commissioners' court has acted upon the report of the viewers, and determined the width of the road, and the plat has been recorded, the road is not established.   In the present case there is an entire absence of proof that this was done.

We think the evidence relied on to show the existence of a highway, either by dedication or user, is wholly insufficient. While no express words are necessary to make a dedication, and consent of the owner of the land may be inferred from acquiescence, and user by the public, the vital principle of dedication is the intention to dedicate—the *animus dedicandi.* Unless this is unequivocally manifested by the owner, the dedication has not been made.   Angell on Highways, § 142; Harding v. Town of Hale, 61 Ill. 192; Marcy v. Taylor, 19 Ill. 634; Reese v. City of Chicago, 38 Ill. 322.

Without stopping to refer to the evidence in detail, we think it not only fails to show an intention on the part of Andrew Tully, the father of appellant and former owner of the land, to make a dedication, but on the contrary clearly negatives such

intention. He uniformly refused his consent to the opening of a road unless he was first paid his damages.

The evidence of user by the public was more or less conflicting, and was very meagre at the most. The line of travel as it came from the west, on reaching a point several rods from the place of obstruction, turned off to the north and took a circuitous route to a point near the quarter-section corner east of the obstruction, and it appeared that in two or three instances Tully had allowed a team to pass through his bars and across the place in question. But there never was any such user by the public as to constitute a highway.

If the public good requires a road along the line where the obstruction complained of is located, we think the interest of all parties concerned will be better subserved by applying to the proper authorities to lay out and establish the same rather than by indulging in expensive litigation and neighborhood controversies.

The judgment of the lower court is reversed.

Reversed.