ROBERTO RODRIGUEZ, Indiv. and Next Friend of Roby Rodriguez, a Minor, Plaintiffs-Appellants and Defendants, v. CHARLES HUSHKA *et al.*, Defendants-Appellees and Plaintiffs.

First District (1st Division)    No. 1—00—4033

Opinion filed August 31, 2001.

Law Offices of Adam David Ingber, of Chicago (Adam David Ingber, of counsel), for appellants.

Edward L. Schuller & Associates, of Chicago (Samuel A. Shelist, of counsel), for appellees.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiffs, Roberto Rodriguez, individually and on behalf of his minor child, Roby Rodriguez, brought this personal injury lawsuit against defendant Charles Hushka. The case proceeded to mandatory arbitration, and the arbitrators ruled in favor of Hushka. Within 30 days of this decision, plaintiffs filed a notice of rejection of the arbitration award but did not pay any fees. Plaintiffs' counsel presented to the clerk of the circuit court a copy of a signed certification that he was a civil legal services provider (C.L.S.P.) in support of the motion to waive the $200 fee in connection with filing the written notice of rejection. The clerk accepted plaintiffs' rejection of the arbitration award and stamped it "C.L.S.P." Defendants moved to strike plaintiffs' rejection of the arbitration award because of plaintiffs' failure to pay the fee of $200. The trial court granted the motion and entered judgment on the award. On appeal, plaintiffs argue that the trial court erred in holding that plaintiffs were required to pay the $200 fee in connection with filing a written notice of rejection of the arbitration award because plaintiffs' counsel filed a C.L.S.P. certification in compliance with the fee waiver provisions of section 5—105.5 of the Code of Civil Procedure (735 ILCS 5/5—105.5 (West 2000)).

## I. BACKGROUND

Plaintiffs filed this lawsuit on November 30, 1999. Plaintiffs' complaint alleged that on January 28, 1998, Hushka negligently drove his vehicle and collided with plaintiffs' vehicle, causing injuries to plaintiffs. In addition to the complaint, plaintiffs' counsel filed a signed certification that he was "a civil legal services provider." In the certification, which is entitled "Representation By Civil Legal Services Provider," plaintiffs' counsel indicated as follows:

"I Adam D. Ingber, a civil legal services provider have determined that Roberto Rodriguez is eligible to have all fees relating to filing, appearing, transcripts on appeal, and service of process waived because his income is 125% or less of the current federal poverty income guidelines, or he is otherwise eligible to receive civil legal services under the Legal Services Corporation Act."

The clerk of the circuit court waived plaintiffs' filing fees and stamped the certification and the complaint "C.L.S.P." The jury demand made by plaintiffs was similarly filed and stamped "C.L.S.P." Before manda-

tory arbitration of plaintiffs' case, the trial court consolidated plaintiffs' case with a property damage claim brought by Hushka's subrogee, Safeco Insurance Co. (Safeco). That lawsuit arose out of the same motor vehicle accident. The consolidated cases proceeded to arbitration. On August 15, 2000, the arbitrators ruled against plaintiffs on the claim against Hushka and in favor of Safeco in the amount of $6,108.06. On that same day, plaintiffs filed their written notice of rejection of the arbitration award. A copy of the "C.L.S.P." affidavit was provided to the clerk of the circuit court. The clerk stamped the front and back of the rejection notice "C.L.S.P." and filed it. Plaintiffs also filed a motion to waive the $200 fee in connection with filing the written notice of rejection of the arbitration award and a motion to amend their complaint. On September 7, 2000, the trial court continued both motions to October 6, 2000, the day the case was set for judgment on the arbitration award call. On October 6, 2000, the court entered a trial room assignment order. The court also set a briefing schedule on defendants' unfiled motion to strike plaintiffs' rejection of the arbitration award. Defendants' motion was then filed on October 10, 2000. Defendants argued in the motion that plaintiffs' failure to pay a $200 fee made plaintiffs' rejection of the arbitration award void. Neither party filed a brief.

On October 31, 2000, the court struck plaintiffs' rejection of the arbitration award and entered judgment on the arbitration award in favor of defendants. The court in the judgment on award of arbitration stated: "The rejection is stricken upon motion and the 1307 assignment is stricken." This appeal followed.

## II. APPLICATION OF SECTION 5—105.5

█ ■ Plaintiffs argue that the trial court failed to apply section 5—105.5 of the Code of Civil Procedure (735 ILCS 5/5—105.5 (West 2000)). This section, in subsection (b), states as follows:

> "When a party is represented in a civil action by a civil legal services provider, *all* fees and costs relating to filing, appearing, transcripts on appeal, and service of process shall be waived without the necessity of a motion for that purpose *** provided that (i) a determination has been made by the civil legal services provider that the party is indigent and (ii) an attorney's certification that that determination has been made is filed with the clerk of the court along with the complaint, the appearance, or any other paper that would otherwise require payment of a fee." (Emphasis added.) 735 ILCS 5/5—105.5(b) (West 2000).

The interpretation of a statute is a question of law that we review *de novo. City of Belvidere v. Illinois State Labor Relations Board,* 181 Ill. 2d 191, 205 (1998). In construing a statue, the statutory language is

the best indication of the legislature's intent, and unambiguous terms should be given their plain and ordinary meaning. *Kunkel v. Walton*, 179 Ill. 2d 519, 533-34 (1997).

■ Pursuant to Supreme Court Rule 86 (155 Ill. 2d R. 86), the Code of Civil Procedure is applicable to mandatory arbitration proceedings. Rule 86 provides as follows:

> "Notwithstanding that any action, upon filing, is initially placed in an arbitration track or is thereafter so designated for hearing, the provisions of the Code of Civil Procedure and the rules of the Supreme Court shall be applicable to its proceedings except insofar as these rules otherwise provide." 155 Ill. 2d R. 86.

■ In this case, the plain language of section 5—105.5(b) of the Code of Civil Procedure indicates that when a civil legal services provider represents an indigent party in a civil action "all fees and costs relating to filing *** shall be waived." 735 ILCS 5/5—105.5(b) (West 2000). Construing the plain and ordinary meaning of these terms, it is clear that the legislature intended this waiver to apply to a statutory fee in connection with filing a written notice of rejection of the arbitration award by an indigent party. Section 5—105.5(b) excludes no filing fees, and we will not distort the unambiguous terms of the statute. Therefore, an indigent party represented by a civil legal services provider is not required to pay a fee in connection with filing rejection of an arbitration award providing there is compliance with section 5—105.5 of the Code of Civil Procedure.

Defendants acknowledge that plaintiffs' counsel filed a C.L.S.P. certification with the clerk pursuant to section 5—105.5. 735 ILCS 5/5—105.5(a) (West 2000). However, on appeal defendants for the first time argue that plaintiffs' counsel is not a civil legal services provider. We note that defendants never raised this issue in a written motion before the trial court. The record does not indicate that defendants preserved this issue for appeal as they never objected to or attacked the validity of the C.L.S.P. certification in the trial court. Following the filing of plaintiffs' counsel's signed certification, jury demand and complaint in 1999, all of which were stamped C.L.S.P., the record reflects no objection by defendants to the status of plaintiffs' counsel as a civil legal services provider or to the waiver of fees. The defendants first objected to fee waiver when plaintiffs filed the notice of rejection of the arbitration award.

Defendants' motion to strike plaintiffs' rejection of the arbitration award was based on plaintiffs' failure to pay the $200 rejection fee, not based on a challenge to the status of plaintiffs' counsel as a civil legal services provider. The motion indicated, "That the fact AD Ingber Esq. apparently filed a paupers counter-claim is of no consequence

in this Consolidated Action." Defendants also challenged plaintiffs' failure to seek relief pursuant to Supreme Court Rules 91, 93, and 298 (145 Ill. 2d R. 91; 166 Ill. 2d R. 93; 134 Ill. 2d R. 298).

The motion did not claim that plaintiffs' counsel was not a civil legal services provider. Rather, in the motion defendants relied on *Killoren v. Racich*, 260 Ill. App. 3d 197 (1994). In *Killoren*, the court analyzed Supreme Court Rule 93(a), which provides in pertinent part:

> "Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties." 134 Ill. 2d R. 93(a).

After carefully reviewing Rule 93(a) the court concluded that in order to reject an arbitration award, Supreme Court Rule 93(a) requires both the $200 fee and the notice of the rejection of the award to be filed within the same 30-day period. *Killoren v. Racich*, 260 Ill. App. 3d 197, 198 (1994). In *Killoren*, no reason for the failure to pay the $200 fee was given, and no motion to waive costs was discussed. *Killoren* did not address fee waiver in the context of section 5—105.5 of the Code of Civil Procedure, which provides for fee waiver when an indigent party is represented by a civil legal services provider. Therefore, we do not find *Killoren* instructive. 735 ILCS 5/5—105.5 (West 2000).

Here, plaintiffs' rejection of the arbitration award without paying the $200 fee was based on compliance with section 5—105.5 of the Code of Civil Procedure. Plaintiffs rely upon section 5—105.5(b), which specifically dictates the requirements needed to qualify for fee waiver when a party is represented in a civil action by a civil legal services provider. We note that section 5—105.5(b) does not require plaintiffs or their counsel to submit "evidence" in support of their fee waiver claim. Rather, for all fees to be waived, subsection (b) requires:

> "(i) a determination has been made by the civil legal services provider that the party is indigent and (ii) an attorney's certification that that determination has been made is filed with the clerk of the court along with the complaint, the appearance, or any other paper that would otherwise require payment of a fee." 735 ILCS 5/5—105.5(b) (West 2000).

The record reflects that plaintiffs' counsel in a timely fashion filed the signed civil legal services provider certification with his complaint and jury demand. The clerk individually stamped the certification, the complaint and the jury demand "C.L.S.P." On August 15, 2000, the

arbitrators ruled in favor of defendants. On the same day plaintiffs filed their notice of rejection of the arbitration award, which the clerk stamped "C.L.S.P." on the front and back. Counsel for plaintiffs also filed "plaintiffs' motion to waive cost," relying on the provisions of Illinois law waiving costs to indigent litigants. The motion indicated that counsel for plaintiffs was providing *pro bono* legal services and sought waiver of the $200 fee in connection with filing the notice of rejection of the arbitration award.

■ We note that defendants' motion to strike the rejection of the arbitration award was based on plaintiffs' failure to pay the $200 fee. Defendants' motion before the trial court did not challenge plaintiffs' counsel's certification that he was a civil legal services provider. The record reflects no challenge at any other time by defendants to the status of plaintiffs' counsel as a civil legal services provider. Questions not raised in the trial court cannot be argued for the first time on appeal. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 355 (1998). Therefore, this issue is waived. Based on plaintiffs' compliance with section 5—105.5(b), the trial court erred in granting defendants' motion to strike the rejection of the arbitration award.

### III. APPLICATION OF SUPREME COURT RULES

The supreme court rules governing the rejection of an arbitration award do not conflict with our analysis. Supreme Court Rule 86(e) states that the provisions of the Code of Civil Procedure along with the rules of the Supreme Court shall apply to mandatory arbitration proceedings unless the rules otherwise provide. 155 Ill. 2d R. 86(e). The rules that govern arbitration proceedings, therefore, should not be construed as distinct and separate from the rules of procedure normally followed in civil cases under the Code of Civil Procedure. *Lollis v. Chicago Transit Authority*, 238 Ill. App. 3d 583, 587-88 (1992). We note that no supreme court rules negate the application of section 5—105.5 of the Code of Civil Procedure and its waiver of fees to arbitration proceedings. While Supreme Court Rule 93(c) provides another mechanism for poor people to obtain a waiver of the rejection fee after arbitration, it does not conflict with section 5—105.5 of the Code of Civil Procedure. 166 Ill. 2d R. 93(c). Rule 93(c) provides that: "Upon application of a poor person, pursuant to Rule 298, herein, the sum required to be paid as costs upon rejection of the award may be waived by the court." 166 Ill. 2d R. 93(c). Supreme Court Rule 298 sets out the requirements for an application to sue or defend as a poor person. 134 Ill. 2d R. 298. These rules make clear the intention of the supreme court to provide poor people equal access to the courts by waiving various fees and in no way conflict with section 5—105.5 of the Code of Civil Procedure.

## IV. CONCLUSION

In this case the record reflects that plaintiffs' counsel filed a signed certification that he was a civil legal services provider in compliance with section 5—105.5(b) of the Code of Civil Procedure. Consistent with section 5—105.5 of the Code of Civil Procedure the clerk of the circuit court waived plaintiffs' filing fees and stamped the certification, the complaint and the jury demand "C.L.S.P." Defendants did not argue in the motion to strike plaintiffs' rejection of the arbitration award that plaintiffs were not represented by a civil legal services provider. Defendants did not argue that the requirements of section 5—105.5 of the Code of Civil Procedure were not satisfied by plaintiffs. Those arguments were made for the first time in connection with this appeal. Defendants did not preserve that issue for appeal as the record reflects no objection in the trial court by defendants to the status of plaintiffs' counsel as a civil legal services provider. Defendants' motion to strike plaintiffs' rejection of the arbitration award was based on plaintiffs' failure to pay the $200 rejection fee, not on a challenge to the status of plaintiffs' counsel as a civil legal services provider. The trial court should have denied defendants' motion to strike plaintiffs' rejection of the arbitration award because plaintiffs were in compliance with section 5—105.5 of the Code of Civil Procedure, which provides for fee waiver. That section was intended to provide indigent persons equal access to the courts. The trial court erred in striking plaintiffs' rejection of the arbitration award and entering judgment on the arbitration award.

For the reasons previously discussed, the judgment of the circuit court of Cook County is reversed and the order striking the rejection of the arbitration award is vacated. Plaintiffs' rejection of the arbitration award is valid. The judgment on the award entered in favor of defendants is vacated. The case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY and COHEN, JJ., concur.