# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Lewis*, 2011 IL App (5th) 110279

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MATTHEW A. LEWIS, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket Nos. 5-11-0279, 5-11-0280 cons. |
| Filed | December 9, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Fee and cost waiver certifications filed under section 5-105.5(b) of the Code of Civil Procedure are sufficient to waive fees for the filing of petitions for expungement and the orders in defendant's cases denying fee waivers under section 5-105.5(b) were reversed, and since waivers are only "all-or-nothing," regardless of whether waivers are requested under section 5-105 or 5-105.5(b), the orders allowing fee waivers by reducing the fees to $75 pursuant to section 5-105 were vacated and the cause was remanded with directions to enter orders granting the fee waivers in their entirety. |
| Decision Under Review | Appeal from the Circuit Court of Jackson County, Nos. 05-CM-51, 05-OV-1086; the Hon. William G. Schwartz, Judge, presiding. |
| Judgment | Certified question answered; April 26, 2011, orders reversed; June 27, 2011, orders vacated; cause remanded with directions. |

Counsel on
Appeal

Michael A. Fiello and Diane M. Goffinet, both of Land of Lincoln Legal Assistance Foundation, Inc., of Carbondale, for appellant.

Michael Wepsiec, State's Attorney, of Murphysboro (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for City of Carbondale.

Paul E. Haidle, of Cabrini Green Legal Aid, of Chicago, *amicus curiae*.

Panel

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Presiding Justice Donovan and Justice Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1       These cases come to us on interlocutory appeal, pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010), from the circuit court of Jackson County, which certified the following question for our review: whether fee and cost waiver certifications, filed pursuant to section 5-105.5(b) of the Code of Civil Procedure (Code) (735 ILCS 5/5-105.5(b) (West 2010)), are sufficient to waive fees for the filing of petitions for expungement. For the following reasons, we answer the certified question in the affirmative, reverse the April 26, 2011, orders, vacate the June 27, 2011, orders, and remand with directions to enter orders allowing the fee waivers in their entirety, pursuant to section 5-105.5(b) of the Code.

¶ 2                                          FACTS

¶ 3       On April 26, 2011, counsel from Land of Lincoln Legal Assistance Foundation, Inc., entered an appearance on behalf of the defendant in the circuit court of Jackson County, in expungement proceedings in the underlying cases, and filed fee and cost waiver certifications, pursuant to section 5-105.5(b) of the Code (735 ILCS 5/5-105.5(b) (West 2010)).[1] That same date, the circuit court entered orders by docket entries, denying the

---

[1]Pursuant to the Jackson County website regarding petitions for expungement: "If there was a case filed in our office following an arrest, then the Expungement Petition will be filed within that case. If an arrest was made, but no case was ever filed in our office, then an MR–Miscellaneous Remedy case will need to be filed and the Expungement Petition will be filed within that case. *** The filing fees are as follows: Within a case: $160.00 New MR Case: $266.00." Jackson County

waivers and elaborating that fees are not waived in expungement proceedings. Counsel for the defendant filed motions to reconsider on May 24, 2011, which were denied by docket entries the following day. In denying the motions, the circuit court stated that expungement proceedings are not purely civil, but quasi-criminal or corollary to criminal proceedings, to which the cited statute is not applicable.

¶ 4    On June 20, 2011, at the request of the defendant, the circuit court entered orders certifying the question at hand for interlocutory appeal, pursuant to Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010). In certifying the question, the circuit court noted that because it found section 5-105.5(b) of the Code to be inapplicable, it required the defendant to file applications and supporting affidavits for leave to sue or defend as an indigent person, as provided in section 5-105 of the Code (735 ILCS 5/5-105 (West 2010)) and Illinois Supreme Court Rule 298 (eff. Nov. 1, 2003). On June 22, 2011, the defendant filed these documents. On June 27, 2011, the circuit court entered orders allowing the defendant's section 5-105 applications to the extent of reducing the fees to $75 in each of the underlying cases.

¶ 5                                          ANALYSIS

¶ 6    "The scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court, which, because it must be a question of law, is reviewed *de novo.*" *Hudkins v. Egan*, 364 Ill. App. 3d 587, 590 (2006). The certified question on appeal is whether fee and cost waiver certifications, filed pursuant to section 5-105.5(b) of the Code (735 ILCS 5/5-105.5(b) (West 2010)), are sufficient to waive fees for the filing of petitions for expungement. We begin by noting that the language of section 5.2(d) of the Criminal Identification Act, under which the defendant filed his petition to expunge, provides, "The petitioner shall pay the applicable fee, if not waived." 20 ILCS 2630/5.2(d)(1) (West 2010). Accordingly, the legislature contemplated scenarios where fees for expungement would be waived.

¶ 7    We turn now to the relevant statutory language. Section 5-105.5(b) of the Code provides that "all fees and costs relating to filing, appearing, transcripts on appeal, and service of process shall be waived without the necessity of a motion for that purpose," so long as the party "is represented in a civil action by a civil legal services provider." 735 ILCS 5/5-105.5(b) (West 2010). "We note that section 5-105.5(b) does not require plaintiffs or their counsel to submit 'evidence' in support of their fee waiver claim." *Rodriguez v. Hushka*, 325 Ill. App. 3d 329, 333 (2001). Rather, all that is required for the waiver of fees under this section is that the legal services provider, in a civil action, file a certification that a determination has been made that the party is indigent, "along with the complaint, the appearance, or any other paper that would otherwise require payment of a fee." 735 ILCS 5/5-105.5(b) (West 2010).

¶ 8    In the case at bar, the defendant was represented by a legal services provider who

_____

Circuit Court, *New Filing Fees effective January 1, 2010* (last visited Nov. 16, 2011), http://www.circuitclerk.co.jackson.il.us/fees_2010.htm.

provided all of the required documentation under section 5-105.5(b). Accordingly, the crux of the certified question on appeal is the determination of whether expungement proceedings are "civil actions," as required by that section. The State insists that the circuit court properly denied the fee waivers under section 5-105.5(b) because expungement proceedings are not civil, but criminal matters, corollary to underlying criminal proceedings. To the contrary, the defendant argues that the fee waivers should have been automatically granted because expungement proceedings are civil and the requirements of section 5-105.5(b) were met. We agree with the defendant.

¶ 9       As aptly noted in the defendant's brief, an expungement case has none of the characteristics of a criminal case or a quasi-criminal case. A criminal case is brought by the State pursuant to the provisions of the Illinois Criminal Code of 1961 (720 ILCS 5/1-1 *et seq.* (West 2010)) or by a municipality for violations of the Illinois Municipal Code (65 ILCS 5/1-1-1 *et seq.* (West 2010)). Criminal cases are prosecuted by the appropriate authorities, usually the Attorney General for the State (15 ILCS 205/4 (West 2010)), the State's Attorney (55 ILCS 5/3-9005 (West 2010)), or the city attorney (65 ILCS 5/1-2-1.1 (West 2010)). The possible outcomes are a conviction after trial (720 ILCS 5/2-5 (West 2010)), a negotiated plea agreement (*People v. Moore*, 345 Ill. App. 3d 1043, 1047 (2003)), an acquittal after trial (720 ILCS 5/2-1 (West 2010)), or a dismissal by *nolle prosequi* (*People v. Stafford*, 325 Ill. App. 3d 1069, 1073 (2001)). "The term quasi[-]criminal embraces all offenses not crimes or misdemeanors, *** which it is proper should be punished by forfeitures or penalties." *Tully v. Town of Northfield*, 6 Ill. App. 356, 359 (1880).

¶ 10      Based on the foregoing, we find that expungement actions are not criminal because they are not brought by the State or a municipality. In addition, the possible outcomes of expungement actions do not include convictions, acquittals, negotiated pleas, or *nolle prosequi* dismissals. Neither are expungement actions quasi-criminal, because they are not offenses for which penalties are being sought. Accordingly, we find that expungement proceedings are civil in nature.[2] We note that it makes no difference whether counties file expungement petitions within previously filed, underlying criminal cases or as MR cases, because regardless of the classification or the docket number, expungement is nonetheless a civil remedy.

¶ 11      We further find that the circuit court's denial of the fee waivers under section 5-105.5(b) of the Code and its reasoning that expungement proceedings are "not purely civil" are incongruent with its order requiring the defendant to file affidavits pursuant to section 5-105 of the Code, which states, " 'Fees, costs, and charges' means payments imposed on a party in connection with the prosecution or defense of a *civil action* ***." (Emphasis added.) 735 ILCS 5/5-105(a)(1) (West 2010). Both sections are regarding fee waivers for indigent

_____

[2]Although we find expungement proceedings to be civil, we are mindful that section 5.2(d)(6) of the Criminal Identification Act (20 ILCS 2630/5.2(d)(6) (West 2010)) grants the trial court discretion to grant or deny a petition to expunge, and that the denial of the petition may have consequences (*e.g.*, an unexpunged criminal history) which could be construed as penal in nature. However, it is the remedy sought by the petitioner, not the consequences of the denial of that remedy, upon which we must focus.

persons in civil actions. The only difference between the two sections is that under section 5-105.5(b), a civil legal services provider can certify indigence and under section 5-105, the party must file an affidavit so that the circuit court may determine indigence.

¶ 12    We recognize that section 10.6 of the State Appellate Defender Act requires the State Appellate Defender to, *inter alia*, disseminate detailed information regarding the process of expungement. 725 ILCS 105/10.6 (West 2010). This, however, does not change the fact that expungement is a civil remedy. Moreover, a link is available on the State Appellate Defender website under information relating to expungement, which provides a printable order of indigence, which indicates that it is brought pursuant to section 5-105 of the Code, which, again, provides for waiver of fees for indigent persons in civil actions. Office of the State Appellate Defender, *Indigency Order* (last visited Nov. 17, 2011), http://www.state.il.us/defender/indapp.html.

¶ 13    In addition, we must point out the error the circuit court made in reducing the fees under section 5-105. The order is essentially a check-the-box form that contains, *inter alia*, an option to reduce the fees. However, no such option exists under the Code. Only "all-or-nothing" options are available, regardless of whether fee waivers are requested under section 5-105 or by certification under section 5-105.5(b). Section 5-105 provides:

> "If the court finds that the applicant is an indigent person, the court shall enter an order permitting the applicant to sue or defend *without payment of fees, costs, or charges*. If the application is denied, the court shall enter an order to that effect stating the specific reasons for the denial." (Emphasis added.) 735 ILCS 5/5-105(d) (West 2010).

¶ 14    Similarly, section 5-105.5(b) mandates an automatic fee waiver so long as certain prerequisites are met: "When a party is represented in a civil action by a civil legal services provider, *all* fees and costs relating to filing, appearing, transcripts on appeal, and service of process *shall* be waived without the necessity of a motion for that purpose ***." (Emphases added.) 735 ILCS 5/5-105.5(b) (West 2010). Accordingly, the circuit court is required to grant or deny fee waivers in their entirety, under either section of the Code. The fact that the option to reduce the fees is available on a check-the-box form used by the circuit court is of no consequence because the same is not authorized by either section of the Code.

¶ 15                                  CONCLUSION

¶ 16    For the foregoing reasons, we answer the certified question in the affirmative, reverse the April 26, 2011, orders which denied the fee waivers under section 5-105.5(b) of the Code (735 ILCS 5/5-105.5(b) (West 2010)), vacate the June 27, 2011, orders which allowed the fee waivers to the extent of reducing the fees to $75 under section 5-105 of the Code (735 ILCS 5/5-105 (West 2010)), and remand with directions to enter orders granting the fee waivers in their entirety under section 5-105.5(b) of the Code.

¶ 17    Certified question answered; April 26, 2011, orders reversed; June 27, 2011, orders vacated; cause remanded with directions.