NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210514-U

NO. 4-21-0514

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 1, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| LEE E. DUNIGAN, | ) | No. 18CF1196 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott J. Black, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the State did not violate defendant's equal
protection and due process rights, and determined the trial court did not abuse its
discretion when it held a hearing on defendant's expungement petition in his
absence, denied his expungement petition, and declined to appoint counsel.

¶ 2    In November 2018, the State charged defendant, Lee E. Dunigan, with three
counts of indecent solicitation of a child. In August 2020, the State filed a motion to dismiss
seeking a *nolle prosequi* of the charges against defendant. The State's motion indicated
defendant was in the custody of the Indiana Department of Corrections and was serving a
sentence in excess of the maximum penalty in this case and the sentences would be concurrent.
In December 2020, defendant filed a *pro se* petition to expunge or seal charges and records. In
March 2021, the trial court denied defendant's petition.

¶ 3        Defendant appeals *pro se*, arguing (1) the trial court abused its discretion and violated defendant's constitutional right to be present and heard at the hearing on his expungement petition, (2) the court abused its discretion in denying his expungement petition in his absence, (3) the court abused its discretion in failing to rule on defendant's demand for counsel, and (4) the State violated defendant's right to equal protection and due process. For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        In November 2018, the State charged defendant with three counts of indecent solicitation of a child based on events that occurred on August 17 and 20, 2018, in Normal, Illinois. That same month, a warrant was issued for defendant's arrest. In December 2018, a search warrant was issued to search defendant's person and to take photographs of defendant's penis and, if found, various scars and tattoos.

¶ 6        On December 26, 2019, defendant filed a *pro se* "complaint" alleging a detective with the Normal Police Department violated his due process rights by refusing to allow defendant to review violent text messages. The complaint asserted the detective denied defendant's review of the text messages after the detective harassed defendant and caused defendant to feel terrorized, frightened, threatened, and intimidated. Defendant also asserted the detective induced him to waive his right to counsel resulting in "tremendous mental and emotional distress." Defendant requested any holds, warrants, or charges against him be dropped. Defendant further requested the detective be fired and the Normal Police Department pay him $700,000.

¶ 7        On December 31, 2019, the trial court informed defendant no action would be taken on his complaint. The trial court noted the arrest warrant had not been served likely due to

defendant's incarceration in Lafayette, Indiana. The court indicated defendant had not properly asserted his speedy trial rights and the complaint raised civil claims, not criminal claims. A new civil case was not filed because defendant failed to include any payment for the filing fee (or request for waiver) or a summons. The court indicated it attached a copy of a statute relating to interstate detainers to its letter.

¶ 8 On January 16, 2020, defendant filed a petition to dismiss the charges against him asserting he was innocent. Defendant also claimed his cell phone was illegally seized and the detective harassed and intimidated defendant after he invoked his right to counsel. Defendant claimed the detective refusing to allow him to review violent text messages violated his due process rights. Defendant asserted his reputation and character were defamed and he suffered mentally and emotionally.

¶ 9 On January 28, 2020, defendant filed a letter indicating that the letter from the trial court did not include an attached statute related to interstate detainers. The letter raised various complaints regarding the handling of prison mail in Tippecanoe County, Indiana. In March 2020, the court sent a letter to defendant. In part, the letter stated as follows:

> "I had previously written to you on 12/31/19 detailing that
> status of your case in McLean County, Illinois, and informing you
> of certain legal options. Since then, you filed a 'Petition to
> Dismiss Charges' in this case on 1/16/20, and now have sent the
> 'complaint' referenced above. Neither of these filings entitle you
> to any relief, or require the Court to act upon them. Should you
> desire to pursue your rights under the interstate detainer statute, or

file a separate civil proceeding, a different response from the Court

would be required."

In April 2020, defendant filed a *pro se* "Grievance Obstruction of Justice." In June 2020, defendant filed a *pro se* "corruption."

¶ 10 In August 2020, the State filed a motion to dismiss, seeking a *nolle prosequi* of the charges against defendant. The State's motion indicated defendant was in the custody of the Indiana Department of Corrections and was serving a sentence in excess of the maximum penalty in this case and the sentences would be concurrent. In September 2020, the trial court entered an order recalling the warrant for defendant's arrest. In October 2020, defendant filed a *pro se* "grievance" claiming the State based the charges on false evidence and demanding a copy of all correspondence in the cause. Defendant also filed a motion to compel, a petition for summons and fee waiver, and a "petition to dismiss charges crime report."

¶ 11 On December 3, 2020, defendant filed an application for waiver of court fees and the petition to expunge or seal charges and records at issue in this appeal. The petition alleged the warrant issued in November 2018 did not result in his arrest, the charges did not result in a conviction, and the charges were dismissed. On December 11, 2020, the State filed an objection to the expungement petition. The State's objection provided that on "June 26, 2020, in Tippecanoe County Indiana, case 79D05-1810-F1-11, the Defendant was found guilty of" child molestation and was sentenced to 42 years' imprisonment. The State noted that section 5.2 of the Criminal Identification Act provided as follows: "When a petitioner seeks to have a record of arrest expunged under this Section, and the offender has been convicted of a criminal offense, the State's Attorney may object to the expungement on the grounds that the records contain specific relevant information aside from the mere fact of the arrest." 20 ILCS 2630/5.2(b)(1.5)

(West 2020). On December 14, 2020, notice of a hearing set for March 26, 2021, on defendant's expungement petition was filed indicating a copy had been sent to defendant.

¶ 12     In January 2021, defendant filed a *pro se* "counter objection to [the] State's objection to [the] petition to expunge/seal." Defendant's objection asserted he was charged excessively and did not commit the crimes with which he was charged. Defendant further asserted that law enforcement relied on violent text messages that did not exist. Defendant also asserted he was improperly convicted of a crime in Indiana based on false evidence and "almost solely due to the existence of this case." Defendant further argued the charges should be expunged because the failure to do so violated defendant's constitutional rights because the charges in the case had "a different effect on the minds of the public." On February 17, 2021, defendant filed a demand for legal representation. Defendant also filed a "petition for all filed correspondence to court" and a "notice of corruption by state of Indiana." Defendant attached numerous documents related to court proceedings in Indiana to the notice of corruption by the state of Indiana.

¶ 13     On March 26, 2021, the trial court denied defendant's expungement petition. The court found "the public's interest in retaining your criminal records is greater than your interest in sealing your records." The docket entry for March 26, 2021, noted defendant failed to appear in person or on Zoom for the hearing. On April 16, 2021, defendant filed a notice of appeal. Following the court's denial of his expungement petition, defendant filed various *pro se* documents, including a motion for discretionary interlocutory order in which he alleged the court erred in denying his petition.

¶ 14     On July 20, 2021, the trial court reviewed defendant's motion for discretionary interlocutory order and concluded the motion sought to vacate or reconsider the order denying

- 5 -

defendant's expungement petition. The court set the matter for a hearing on August 27, 2021, and directed the clerk to provide defendant with instructions to join the Zoom hearing. The court further noted defendant's notice of appeal would become effective once the court entered an order disposing of defendant's motion to vacate or reconsider. On August 27, 2021, the court held a hearing on defendant's motion to vacate or reconsider, and defendant failed to appear in person or by Zoom. The court noted the three charges of indecent solicitation of a child were dismissed on a *nolle prosequi* motion because defendant was serving a sentence in excess of 40 years in Indiana for child molestation. The court found "that the records in this cause contain specific relevant information aside from the mere fact of arrest, and that the public's interest in retaining the criminal records is greater than [defendant's] interest in expunging the records." The court denied the motion to reconsider and struck defendant's other filings as invalid or moot.

¶ 15       This appeal followed.

¶ 16                          II. ANALYSIS

¶ 17       On appeal, defendant argues (1) the trial court abused its discretion and violated defendant's constitutional right to be present and heard at the hearing on his expungement petition, (2) the court abused its discretion in denying his expungement petition in his absence, (3) the court abused its discretion in failing to rule on defendant's demand for counsel, and (4) the State violated defendant's right to equal protection and due process.

¶ 18                     A. Presence at Hearing

¶ 19       Defendant first asserts the trial court abused its discretion and violated defendant's constitutional right to be present and heard at the hearing on his expungement petition. The State asserts defendant voluntarily absented himself from the March 26, 2020,

hearing on the expungement petition where he had notice of the hearing and failed to appear. The State further argues defendant has offered no explanation for his absence.

¶ 20 Defendant's argument focuses on a criminal defendant's constitutional right to be present at all critical stages of his or her criminal prosecution. Defendant fails to cite any authority for the proposition that the constitutional right to be present at all stages of a *criminal* trial applies to a hearing on an expungement petition. Expungement proceedings are civil in nature, not criminal. *People v. Lewis*, 2011 IL App (5th) 110279, ¶ 10, 961 N.E.2d 1237. Defendant fails to set forth an intelligible claim that his absence at the expungement hearing violated his constitutional rights. Here, defendant had the right to notice and the opportunity to be heard, and defendant was afforded both.

¶ 21 With respect to hearings on expungement petitions, the Criminal Identification Act provides: "If an objection is filed, the court shall set a date for a hearing and notify the petitioner and all parties entitled to notice of the petition of the hearing date at least 30 days prior to the hearing." 20 ILCS 2630/5.2(d)(7) (West 2020). Here, the record shows notice of the March 26, 2021, hearing was placed in the mail on December 15, 2020, well more than 30 days prior to the hearing. Defendant does not contend he lacked notice of the hearing. The record further shows defendant had ample notice of the hearing on his motion to vacate or reconsider and the trial court explicitly directed the clerk to provide defendant with instructions to attend the hearing via Zoom. Nevertheless, defendant also failed to appear at the hearing on his motion to vacate or reconsider. Under these circumstances, defendant had notice and the opportunity to be heard, and the trial court did not abuse its discretion in proceeding on his expungement petition in his absence.

¶ 22 B. Denial of Expungement Petition

¶ 23    The Criminal Identification Act allows an individual to petition the trial court to expunge and seal certain records in criminal cases if the records are eligible. 20 ILCS 2630/5.2 (West 2020). When such a petition is filed, the Criminal Identification Act provides as follows: "When a petitioner seeks to have a record of arrest expunged under this Section, and the offender has been convicted of a criminal offense, the State's Attorney may object to the expungement on the grounds that the records contain specific relevant information aside from the mere fact of the arrest." 20 ILCS 2630/5.2(b)(1.5) (West 2020).

¶ 24    "We review the denial of a petition to expunge for an abuse of discretion." *People v. Laguna*, 2014 IL App (2d) 131145, ¶ 14, 16 N.E.3d 925. Only where the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the trial court's view will we find an abuse of discretion. *Id.* In relation to an expungement petition, the trial court should consider several factors: "the strength of the State's case against the defendant petitioner; the State's reasons for wishing to retain the records; the petitioner's age, criminal record, and employment history; the length of time that has elapsed between the arrest and the petition to expunge; and the specific adverse consequences that the petitioner may endure should expungement be denied." *People v. Satterwhite*, 319 Ill. App. 3d 931, 935, 746 N.E.2d 1238, 1241 (2001).

¶ 25    Here, the State's objection provided that on "June 26, 2020, in Tippecanoe County Indiana, case 79D05-1810-F1-11, the Defendant was found guilty of" child molestation and was sentenced to 42 years' imprisonment. On this ground, the State argued the records contained specific relevant information aside from the mere fact of the arrest. Specifically, the records show defendant was charged with three counts of indecent solicitation of a child. We note the record does not contain a transcript of proceedings from the hearing on defendant's

expungement petition or from the hearing on his motion to vacate or reconsider. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.").

¶ 26 Although the trial court did not expressly set forth the above factors in denying defendant's expungement petition, the court entered an order finding the public's interest in retaining defendant's criminal records was greater than his interest in expunging his records. *People v. Phillips*, 392 Ill. App. 3d 243, 265, 911 N.E.2d 462, 483 (2009) ("Although the trial court in the case at bar did not recite these factors on the record, a trial court is presumed to know the law and apply it properly."). Following a hearing on defendant's motion to vacate or reconsider, the court noted the three charges of indecent solicitation of a child were dismissed on a *nolle prosequi* motion because defendant was serving a sentence in excess of 40 years in Indiana for child molestation. The court found "that the records in this cause contain specific relevant information aside from the mere fact of arrest, and that the public's interest in retaining the criminal records is greater than [defendant's] interest in expunging the records." Again, the trial court "is presumed to know the law, and such presumption is rebutted only when the record affirmatively shows the contrary." *People v. Bowen*, 241 Ill. App. 3d 608, 622, 609 N.E.2d 346, 357 (1993). Nothing in the record affirmatively shows the trial court did not know or follow the law in denying defendant's petition to expunge. In this case, the records contained relevant information aside from the mere fact of arrest. Accordingly, we cannot say the trial court abused its discretion in denying defendant's expungement petition.

¶ 27 C. Denial of Appointed Counsel

¶ 28        Defendant next contends the trial court abused its discretion in failing to rule on defendant's demand for counsel. The State asserts the trial court ruled on defendant's demand for counsel. However, the docket entry the State points to addressed appointed counsel to represent defendant on appeal, not counsel to represent him during proceedings on his expungement petition. Our review of the record indicates the trial court failed to rule on defendant's demand for counsel. (We note defendant filed numerous *pro se* documents in this matter, not all of which required a response or action by the court.) However, we find no error occurred.

¶ 29        The sixth amendment of the United States Constitution provides, in part, "[i]n all *criminal* prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defense." (Emphasis added.) U.S. Const., amend. VI. "[A]n individual in a civil action has no right to counsel under the Illinois Constitution." *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621, 627, 742 N.E.2d 843, 847 (2000). As noted above, expungement is a civil action. *Lewis*, 2011 IL App (5th) 110279, ¶ 10. Consequently, defendant had no constitutional right to counsel. *Ratcliffe*, 318 Ill. App. 3d at 627. Thus, there was no error where the trial court failed to appoint defendant counsel.

¶ 30                          D. Equal Protection and Due Process

¶ 31        Finally, defendant reiterates his claim that his constitutional rights to equal protection and due process were violated where the trial court held the hearing on his expungement petition in his absence and where the court failed to appoint defendant counsel. As discussed above, defendant was afforded notice and the opportunity to be heard, and he had no constitutional right to appointed counsel in a civil action.

¶ 32                          III. CONCLUSION

¶ 33        For the reasons stated, we affirm the trial court's judgment.

¶ 34        Affirmed.